PROVIDENCE FRUIT & PRODUCE BLDG., INC. *vs.*
GAMCO, INCORPORATED.

AUGUST 11, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass and ejectment brought by a landlord against its tenant to recover possession of certain realty. It was tried in the superior court by a justice thereof sitting without a jury. He rendered a decision in favor of the plaintiff, and the defendant thereafter duly prosecuted its bill of exceptions to this court.

In the writ in this case the property which is alleged to be wrongfully detained by the defendant from the plaintiff's possession is described as follows: "four certain bays or

units numbered 34, 34½, 36 and 36½ in the Produce Building, so-called, situated on the southerly side of Harris and Kinsley Avenues," in the city of Providence. The combined writ and declaration also alleges that the plaintiff on January 13, 1948 by notice in writing ordered the defendant to quit, vacate and deliver up on April 15, 1948 the above-described premises to the plaintiff.

In addition to the plea of the general issue the defendant filed in the superior court four additional pleas. These additional pleas were equitable in nature and in general alleged that the plaintiff for a long time prior to the initiation of this action had been continuously engaged with other persons in a combination and conspiracy in unreasonable restraint of trade and in monopolizing the transportation and sale of fruit and vegetable produce shipped in interstate commerce from other states to Providence in this state in violation of the Sherman Antitrust Act and in violation of the common law. It was also alleged in the additional pleas that the present action is a proceeding forming a part of, and is intended to further, such combination and conspiracy. The plaintiff demurred to these additional pleas and the demurrer was sustained by a justice of the superior court, to which ruling the defendant duly excepted.

The defendant's bill of exceptions contains six exceptions, three to rulings of the trial justice admitting or rejecting certain evidence, two to his refusal to permit the defendant to make offers of proof, and an exception to his decision in favor of the plaintiff on the merits. After the case reached this court and shortly before it was heard, the defendant filed a motion that it be allowed to amend its bill of exceptions by adding thereto an exception to the ruling of the justice of the superior court sustaining the demurrer to defendant's equitable or additional pleas. The plaintiff objected to such amendment and by our permission the motion was briefed and argued at the same time the other exceptions were heard on their merits.

In our opinion we should dispose of the above motion before we consider the defendant's bill of exceptions as filed. By general laws 1938, chapter 542, §5, this court may allow amendments to a bill of exceptions. That section sets out in detail the procedure to be followed by a party who desires to prosecute a bill of exceptions from the superior court to the supreme court. The statute in this respect has been strictly construed and held to be jurisdictional. *Frappier* v. *Frappier*, 64 R. I. 54. It has also been decided that an exception which is not in the bill of exceptions is not before the appellate court for consideration. *Rowy* v. *Mainella*, 68 R. I. 149; *Goff* v. *Lunn*, 49 R. I. 455. At the conclusion of §5 is the following sentence upon which the defendant relies: "The supreme court may allow amendments to a bill of exceptions or transcript of testimony." The question is thus raised whether or not the addition in this court of a separate and distinct exception not appearing in the bill of exceptions as filed and allowed by the trial justice in the superior court, although properly taken in that court, may be considered as an amendment to the bill of exceptions within the meaning and intent of the above-quoted sentence of the statute.

Upon consideration and realizing that the above statutory authority to amend should be given a reasonably liberal construction, even though statutes relating to bills of exceptions are strictly construed, we are nevertheless of the opinion that such a liberal construction should not go to the extent of permitting the addition by us, over objection, of an entirely new exception not appearing in the bill of exceptions when it was presented to and approved by the trial justice and when the case reached this court. An addition of this kind does not seem to us to be an amendment in the proper sense of an existing bill of exceptions within the meaning of the statute. Such a broad application of the power of this court to allow amendments to a bill of exceptions as is urged by the defendant might well lead to careless, hasty and imperfect preparation of bills of

exceptions and a reliance on the fact that amendment here would be almost a matter of form. If one exception may be added to a bill of exceptions by this court it might be difficult to prevent the addition of several others. In such circumstances an opposing party would not be certain of the exceptions he had to meet until the case was ready for argument in this court. Also the approval by the trial justice of the bill of exceptions becomes of little importance if further exceptions may be added thereto on motion before us.

In *Gladding* v. *Union R. R.*, 25 R. I. 122, this court, prior to the passage in 1905 of the Court and Practice Act had occasion to consider a question analogous to the one now before us. In that case the court had before it under the then appellate practice the plaintiff's petition for a new trial. He filed a motion, denied by the court, to be allowed to amend his petition. At page 124 of the opinion the following holding appears: "A petition for a new trial may be amended by making the assignments of error more specific, but not by adding new and additional assignments of error, of which the party had notice at the time of filing his petition." We have examined the cases cited to us by the defendant in this connection and find that in the circumstances they are not applicable. Defendant's motion to be allowed to amend the bill of exceptions is therefore denied and its exception to the sustaining of plaintiff's demurrer to the equitable pleas is not before us for consideration.

In our opinion defendant's first five exceptions relating to evidentiary rulings by the trial justice are without merit. We find that a certain written agreement entered into by the parties on January 31, 1948 was material and was properly admitted in evidence. Also defendant's offers of proof following the sustaining of plaintiff's objection to the introduction of certain testimony were correctly rejected. The testimony in question and the offers of proof related to the matters raised by the defendant's equitable pleas

regarding the plaintiff's conduct allegedly amounting to restraint of trade and monopolistic practices. The demurrer to these pleas had been sustained by the superior court, but the defendant nevertheless attempted to introduce the matter included therein under its plea of the general issue. In our opinion it was not admissible under the last-named plea and was rightly excluded. It apparently related to a subject which was entirely collateral to the trespass and ejectment proceeding then on trial. See *New England Transportation Co.* v. *Doorley,* 60 R. I. 50, and 60 R. I. 260. Also an equitable defense in an action at law is not admissible under a plea of the general issue. *Coates* v. *Coleman,* 72 R. I. 304; *Siravo* v. *Whitman,* 51 R. I. 102. Further, in our judgment defendant's contention that the excluded evidence was admissible under the plea of the general issue because of a provision in the lease under which it originally went into possession of the property is not sound. The present proceeding in trespass and ejectment was brought after the lease in question had terminated and did not in any way depend upon a breach of the provision above referred to. The defendant's first five exceptions are overruled.

The remaining exception is to the decision of the trial justice. In support of its case the plaintiff put in evidence as exhibits a lease for one year dated April 15, 1946 under which the defendant went into possession of the property in dispute, a notice by letter from the plaintiff to the defendant dated January 13, 1948 to quit and surrender up the premises on April 15, 1948, and a written agreement executed by the parties January 31, 1948. The letter which contained the above express notice to vacate also contained an incidental reference to a previous unsuccessful attempt to have the defendant give up possession of the property on December 31, 1947, but that reference did not invalidate the rest of the notice which was complete and sufficient. The agreement was on good consideration and contained several provisions concerning matters between

the parties. Two of these provisions were as follows: "(d) That Gamco is a tenant from year to year for the year beginning April 15, 1947, of four certain bays or units numbered 34, 34½, 36 and 36½ in said Produce Building; that its current yearly term expires April 14, 1948, and that all the terms, conditions and provisions of that certain Indenture of Lease of said premises in said Produce Building, dated April 15, 1946, between the Company as Lessor and Gamco as Lessee, are in full force and effect during said tenancy from year to year. (e) That the notice to quit, dated January 13, 1948, from the Company to Gamco, was served on Gamco on January 14, 1948, and is a good and sufficient notice to quit and to terminate said tenancy on April 15, 1948, unless Gamco has a right to retain possession of said premises for some other reason."

The defendant did not surrender possession of the property on April 15, 1948 and the present action was begun April 16, 1948. We have considered the defendant's argument in support of its contention that the decision of the trial justice was erroneous. We are unable to agree with that argument and we cannot say that in the circumstances his decision for the plaintiff was clearly wrong. The defendant's sixth exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the decision.

*Letts & Quinn, George R. Beane,* for plaintiff.

*Aram A. Arabian, Raphael Vicario,* for defendant.