## ALFRED A. RICCI *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

APRIL 14, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action of trespass on the case for negligence to recover for personal injuries received by

the plaintiff while a passenger in an automobile which, on January 28, 1942, was in collision in the town of North Attleboro, in the commonwealth of Massachusetts, with a bus owned and operated by the defendant. A jury in the superior court returned a verdict for the defendant. Thereafter plaintiff's motion for a new trial on the usual grounds and on the further ground that the jury was misled because of inadequate instructions was heard and denied. The case is before us on plaintiff's exceptions to that decision and to certain rulings on the admission or rejection of evidence.

The facts in this case on the issue of liability are substantially the same as in the case of *Gillogly* v. *New England Transportation Co.*, 73 R. I. 456. Both cases arose from the same accident but are distinguishable from each other in the following particulars. The instant case, which was tried to a jury, concerns a guest in an automobile that was involved in the accident, while in the *Gillogly* case, which was tried without a jury, the plaintiff was a passenger in the bus at the time of the collision between the two vehicles. Except for the statement of a few additional facts that appear in the present record a mere outline of the evidence now before us is sufficient for our purposes, reference being hereby made to the *Gillogly* case for further details.

The testimony for the plaintiff was to the effect that he was a guest in an automobile driven in a southerly direction by Mrs. Christine Brooks at a speed of about twenty-five miles an hour in the first or westerly lane of a four-lane highway in North Attleboro. It was snowing and driving conditions were bad at the time of the accident. As a truck in the rear of the automobile kept blowing its horn, Mrs. Brooks turned to her *left* onto the second southerly bound traffic lane to allow the truck to pass on her *right*. In so doing the automobile went into a skid, stopped momentarily and then proceeded for some 200 or 300 feet over on the easterly side of the highway for traffic moving

in a northerly direction. It appears in the plaintiff's testimony that he "had told her [Mrs. Brooks] we were going to turn around up further at the gas station" and that when the automobile started to skid the bus was "about three or four hundred feet away, something like that." Mrs. Brooks did not testify.

The testimony for the defendant in substance was that the bus was traveling northerly at between twenty and twenty-five miles an hour in its first or easterly lane; that the automobile started to skid when the bus was about 75 feet away at which time the operator drove it onto the easterly shoulder of the road and began applying the brakes in order to give the automobile as much room as possible; and that before he could come to a complete stop the right side of the automobile struck the left front corner of the bus causing the latter vehicle to leave the shoulder of the road and go down a declivity to the side thereof.

Plaintiff's basic contention, as we understand it, is that in all cases for injury received as a result of the accident in question the defendant's negligence was definitely and finally determined by our decision in *Gillogly* v. *New England Transportation Co., supra.* In effect he contends that the issue of defendant's negligence was res adjudicata in the instant case. That question is not before us in the instant case because he at no time or in any manner raised such question at the trial of the case in the superior court. We have repeatedly held that on a motion for a new trial before the trial justice on the ground that a verdict is against the law, the only matter open for him to consider is whether the jury accepted and followed his instructions on the law. When a party has taken no exception to the charge as given, and no request to charge differently or in addition thereto was presented to the trial justice, a party will not be heard on any contention in opposition to the law as stated in the charge, which then becomes the law of the case.

16

A bill of exceptions will bring to this court errors of law, but they must be founded on exceptions duly taken and appearing in the bill and record; otherwise the alleged errors will be regarded as waived. If the plaintiff in the instant case wished to have the jury instructed in accordance with the claim that he now urges upon us it was his duty to have requested an instruction to that effect so as to bring that question of law upon the record, or to have saved an exception to the charge as inadequate and incomplete on that ground. *Mingo* v. *Rhode Island Co.*, 42 R. I. 543, and cases therein cited; *Agras* v. *State Board of Public Roads*, 56 R. I. 163.

In considering the decision of the trial justice denying plaintiff's motion for a new trial we are not now dealing with a case like *Gillogly* v. *New England Transportation Co., supra*, where the determinative issue was whether the defendant had exercised due or ordinary care in the operation of the bus to avoid injury to a passenger. In such a situation it is well settled, as appears in the *Gillogly* case, that in order for a common carrier to be in the exercise of due care towards its passengers it is bound to exercise for their safety the highest degree of care and foresight consistent with the orderly conduct of its business with respect to all matters under its control. No such high duty rested on the defendant in the case at bar. The test of the defendant's liability for negligence is whether he exercised ordinary care in the circumstances of the particular case, that is, whether he exercised the amount of care that a person of ordinary prudence would exercise under the same or similar circumstances in view of the danger reasonably to be apprehended. The instant case is clearly governed by such rule.

In a case tried to a jury our well-settled rule is that where there is conflicting evidence of substantially equal weight which would naturally and fairly lead different minds to different conclusions, and the jury in such circumstances has determined the issue in question in favor of

one of the parties, the trial justice is not justified in granting a new trial even though he entertains a doubt as to the correctness of the verdict or his judgment inclines against the finding. *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180, 185, and cases cited; *Monacelli* v. *Hall*, 71 R. I. 55, 61. It is plain from his rescript in the instant case that the trial justice, who found that the plaintiff was free from contributory negligence, applied the rule just mentioned in passing his judgment on the issue of defendant's negligence when he said: "If the jury had found for the plaintiff, it would have been the disposition of this Court not to disturb the finding. * * * there was sufficient evidence to support the jury's verdict." This language can only mean that in his judgment the conflicting evidence was such as would naturally warrant equally fair-minded persons to reach different and opposite conclusions respecting defendant's negligence.

From our reading of the transcript it appears that the conflict in the evidence was such as to be reasonably open for the jury to find that the operator of the bus was not negligent; or that his negligence, if any, was not the proximate or an efficient concurring cause of the accident. Since the jury decided against the plaintiff and the trial justice applied the correct rule of law in testing their verdict, we cannot say that he was clearly wrong in denying plaintiff's motion for a new trial.

Defendant's next main contention, which is based upon an affidavit by the foreman of the jury to the effect that he did not know the jury could report a disagreement, is that the trial justice erred in failing so to instruct the jury in his charge. Here again the plaintiff did not request such an instruction, nor did he save an exception on that ground to the charge as given. In this instance our consideration of the proposition that he now advances for the first time would be clearly inconsistent with the practice which must be followed to obtain a review by this court upon a bill of

exceptions. We therefore express no opinion on the question that the plaintiff has thus sought to raise.

We have examined plaintiff's exceptions to the admission or rejection of evidence and in so far as they relate to the issue of defendant's liability they are without merit and are therefore overruled. In view of our conclusion it is unnecessary to consider his exceptions with reference to the question of alleged damages.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*John Quattrocchi, Jr.,* for plaintiff.

*William E. Boyle, William J. Carlos,* for defendant.