RAYMOND CONWAY *vs.* ARLAND D. MARSH.

MARCH 26, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass on the case for negligence. After plaintiff by leave of the superior court had filed a second amended declaration, defendant's demurrer thereto was sustained. The plaintiff excepted to that ruling and thereupon brought the case here by his bill of exceptions containing that exception and several other exceptions to rulings on divers motions pertaining

to the case as alleged in his original declaration and in his first amended declaration.

The case is properly before this court only on plaintiff's exception to the superior court's ruling sustaining defendant's demurrer to the second amended declaration. All prior exceptions involving matters arising out of the filing of the original declaration and the first amended declaration were waived by reason of plaintiff's election to file a second amended declaration. The law is settled in this state that as long as the amended pleading is recognized by the court, no issue based on the original can be properly submitted to the jury, or considered on appeal. *Neri* v. *Rhode Island Co.,* 42 R. I. 229. In other words the filing of an amended declaration eliminates the original declaration. *Ilczyszyn* v. *Mostecki,* 43 R. I. 523; *Wilson* v. *New York, N. H. & H. R. R.,* 18 R. I. 598. Following that rule, this court later decided in *Waterman* v. *Hero,* 54 R. I. 377, that where a demurrer to plaintiff's original declaration was sustained the filing of an additional count was, in effect, the filing of a substitute count for the one in the original declaration and was thereafter the only declaration in the case. The court further stated that when plaintiff later was nonsuited it was on such amended declaration and that her bill of exceptions properly brought up for review only the exception to the decision adjudging her nonsuit on the substituted declaration.

In the case at bar plaintiff's election not to rely on either the original declaration or the first amended declaration caused both of them to drop out of the case together with all matters incidental thereto, leaving available for review in this court only the rulings on matters pertaining to the second amended declaration. The only matter arising thereunder is the trial justice's ruling sustaining defendant's demurrer to such declaration. However, plaintiff has not argued his exception to that ruling and states expressly in his brief that he is not pressing it. It is a well-established rule of this court that exceptions neither briefed nor argued

are deemed to be waived. In the circumstances, therefore, he has no exception before us which is entitled to our consideration.

For that reason the plaintiff's exceptions are overruled *pro forma,* and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Joseph T. Witherow,* for defendant.