CHARLES A. DEVINE *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

JANUARY 16, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an action of trespass on the case for negligence to recover damages for an injury sustained from a fall by the plaintiff while a passenger on a bus owned and operated by the defendant. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the amount of $20,000. The defendant moved for a new trial principally on the ground that the verdict was excessive, and the trial justice granted the motion unless the plaintiff filed a remittitur of all of the verdict in excess of $15,000. The remittitur was duly filed. The defendant is before this court on its exception to the denial of its motion for an unconditional new trial and to certain rulings during the trial. The defendant does not dispute liability in the case but contends that the verdict as reduced by the remittitur ordered by the trial justice is grossly excessive.

It appears from substantially undisputed evidence that on May 26, 1948 plaintiff was a passenger on a bus of the

defendant company being operated along Francis street in the city of Providence. The bus, according to plaintiff, made a sudden stop and he was thrown toward the floor. His left elbow struck the floor and in falling he twisted his body and felt a sharp pain in the abdomen. About a week later, because of pain in his back, he consulted his personal physician who gave him diathermic treatments for about two months without beneficial results.

On March 3, 1949, almost a year after the accident, plaintiff was examined by Dr. William A. Horan who testified that there was some question of a ruptured intervertebral disc. A myelogram was performed on the plaintiff and thereafter Dr. Horan diagnosed his injury as a ruptured intervertebral disc on the left between the fourth and fifth lumbar vertebrae. The doctor testified that he believed the rupture was permanent and the advice he gave was "to leave the operation alone." However, he stated that such an operation "is a potential threat to him."

The plaintiff testified that he has been in continuous pain ever since the accident. He further testified that while he lost no pay from his regular employment he finds it is difficult to fully perform his duties, and that climbing stairs or continued sitting induces severe pain. He also stated that extra work which he had performed as a musician could no longer be done by him because prolonged sitting was too exhausting.

The trial justice reduced the jury verdict by $5,000. When a trial justice reduces a jury verdict as being grossly excessive, he should reasonably indicate in what particular he finds the verdict excessive. *Tilley* v. *Mather*, 84 R. I. 499, 502, 124 A.2d 872, 874. The trial justice stated he thought the verdict was large when that portion thereof reflecting an award to cover actual expenses is compared to that portion which apparently was awarded to cover pain and suffering. Since it appears from the record that he reached this conclusion by an application of his independent

judgment to the evidence, we are constrained to hold that it amounts to a satisfactory performance of the duty imposed on a trial justice when deciding such a motion.

In these circumstances his decision should not be set aside unless it is clearly wrong. It does not appear to us that he overlooked or misconceived any material evidence or that he applied an erroneous rule of law to the evidence. From our examination of the transcript we cannot say that he was clearly wrong and therefore his decision should be sustained.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Morrissey & Conley, Joseph L. Breen,* for plaintiff.

*Frank J. McGee,* for defendant.