JOSEPH BERNAT *vs.* FRANCIS J. DEGASPARRE *d.b.a.* BRO TAXI SERVICE.

MARCH 1, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an action of trespass on the case for negligence which was tried to a jury in the superior court

and resulted in a verdict for the plaintiff in the sum of $9,000. Thereafter the defendant moved for a new trial on the ground among others that the verdict was grossly excessive. The trial justice granted the motion unless the plaintiff would remit all of the damages awarded in excess of $6,000. The plaintiff duly filed such remittitur and the defendant thereupon excepted to such ruling. The case is here on his bill of exceptions containing that exception and two others taken during the trial.

At the hearing before us defendant argued solely on his exception to the denial of his motion for a new trial, and in support of such exception he relied principally on the contention that the damages as reduced by the remittitur are still grossly excessive. He neither briefed nor argued his other exceptions; hence they are deemed to be waived. *Conway* v. *Marsh*, 79 R. I. 254.

The plaintiff, while riding as a passenger in defendant's taxicab, sustained multiple personal injuries as the result of a collision between the taxicab and an automobile at the intersection of West avenue and Main street near its junction with Mineral Spring avenue in the city of Pawtucket. The accident occurred at about 12:35 p.m. on April 12, 1951. Immediately thereafter plaintiff was taken to Memorial Hospital in a dazed condition. At the hospital his injuries were diagnosed as fractures of the sixth, seventh, eighth, and ninth ribs, lacerated forehead, and contusion and abrasion of the right knee. He was given empirin and codeine, two stitches were taken in his forehead, his chest was strapped, and thereafter between 4 and 5 p.m. the same day he went home. X-ray pictures were taken of the fractures but beyond strapping the chest nothing further was done about them. The plaintiff undoubtedly suffered severe pain as a result of the accident, and he testified that the pain continued for many months so that he was unable to attend to his cafe business.

He was treated at his home by Dr. Kieran W. Hennessey

and later at the doctor's office. Doctor Hennessey testified that he discharged plaintiff on July 19, 1951. He rendered a bill of $37 for his services. The hospital bill was $16 and Dr. Henry J. Hanley, who attended him there, rendered a bill for $15. The X rays cost $15. Altogether plaintiff's out-of-pocket expenses were $83. However, in addition to that sum he claimed his injuries kept him away from his business six or seven months resulting in a loss of earnings for that period at the rate of $100 a week.

On that element of damages the trial justice charged the jury as follows: "Now, the loss of earnings have not been very clearly proved here. He is a proprietor of a cafe. His testimony was that he had to employ some people to do the work that he did. The amount of pay of those people has not been clearly proved, but the situation is so common that the matter is left to you without specification of his expenditures, dollar for dollar and cent by cent. You use your common sense and judgment on that if you conclude that the plaintiff is entitled to a recovery." That charge became the law of the case in the absence of exception thereto. Under it the jury were at liberty to determine how long plaintiff was incapacitated and to value his loss of earnings due to such incapacity at the rate of $100 a week, if they believed his testimony.

In view of the size of their verdict it is conceivable that they believed him and allowed him at least six months' loss of earnings at that rate, or $2,600. After deducting from their verdict that amount and $83, his out-of-pocket expenses, there would be allocable to pain and suffering $6,317. We are of the opinion that a verdict of $9,000 based on such a valuation of its constituent elements is clearly excessive. In our judgment the trial justice did not err in so finding. The question is whether he erred in failing to reduce the damages to an even greater degree. In other words, has he left the verdict still grossly excessive?

From our examination of the transcript it appears that

$6,000 is a somewhat generous award for the injuries this plaintiff sustained even if we take him at his word that he is still suffering pain in his chest. It is certainly generous if $2,600 of that amount is allocable to loss of earnings, since, as the trial justice observed in his charge to the jury, that element was not clearly proved. Serious personal injuries resulting in proved incapacity or loss of function and accompanied by prolonged severe pain ought to be amply compensated. And adequately demonstrated loss of wages or business earnings akin to wages should be fully recovered. In such circumstances even unusually large verdicts are understandable. Circumstances of that nature are absent here.

In our opinion the damages as reduced by the remittitur are still more than we would approve were we passing originally on the motion for a new trial. The difficulty comes in determining whether they are still grossly excessive in view of the very substantial reduction made by the trial justice. It is clear that he did not allow $2,600 for loss of earnings. Probably $1,500 would be a more reasonable award. This would leave something less than $4,500 for pain and suffering. In other words, there is indisputable evidence here that the trial justice exercised his independent judgment in revising the damages to make them more nearly comport with a reasonable evaluation of plaintiff's proof thereof.

In such a situation it is the established rule of this court not to disturb the trial justice's decision unless it is clear that the damages as reduced by him are still *grossly* excessive and not that there is merely some difference between us as to the proper amount. *Wood* v. *New England Transportation Co.,* 80 R. I. 257. After careful consideration we cannot say that the difference between us in the present instance amounts to a gross excess.

The defendant's exception to the denial of his motion for a new trial is overruled, and the case is remitted to the

264

superior court for entry of judgment on the verdict as reduced by the remittitur.

*William R. Goldberg,* for plaintiff.

*James E. Flannery,* for defendant.