GEORGE DUBOIS *vs.* ERCOLE GRAZIANI.

FEBRUARY 27, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This action of assumpsit was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the plaintiff for $1,240. Thereafter the trial justice denied the defendant's motion for a new trial. The case is here on his bill of exceptions containing an exception to such denial and numerous other exceptions taken during the trial, including an exception to the trial justice's refusal to grant certain requests to charge.

However, only that exception has been briefed; hence under our well-established rule all other exceptions are deemed to be waived. *Conway* v. *Marsh,* 79 R. I. 254, 255.

In the first count of his declaration plaintiff alleged an express contract in the sum of $1,240 for certain labor and materials furnished by him at the request of defendant. At the trial in the superior court plaintiff abandoned the second count, which was based on the common counts, and proceeded to prove an express contract under the first count of his declaration. The defendant pleaded the general issue. The writ is dated October 13, 1955.

The plaintiff testified in substance that sometime in October 1950 he entered into an oral agreement with defendant whereby he agreed to furnish and deliver fill on certain lots and to level them to grade; that in consideration of that promise defendant agreed to pay him $2 per load; that he delivered 620 loads in about six or seven months; that after he had completed his work he notified defendant and the latter said he was satisfied with the work; that defendant then told him he, defendant, was not the only one who owned the land; and that he, plaintiff, said he would give him some time to pay, but did not specify how long. He further testified that he went to see defendant after that and was told by him that he wanted more time to sell the land; that it went on that way until the following summer of 1952 when he sent him a bill; that he continued to see defendant after he sent the bill; and that he saw him many times after that and requested payment. In cross-examination plaintiff testified that he sold the fill to defendant without any strings attached and no conditions and he expressly denied that he had agreed to wait for payment until the property was sold.

The defendant testified that at the time the agreement was entered into he told plaintiff the property was not all his; that half of it belonged to the family of his former wife; that plaintiff would get paid when the property was

sold; and that nobody denied plaintiff his money. He also testified that plaintiff did not request payment until 1953 or 1954, after he had received a bill from him in 1952, and that defendant then told him: "Not I don't want to give you no money * * * the property tied up with the other parties. If I keep paying you, I would be losing. * * * Why don't you patient wait until we sell the property?"

Under cross-examination defendant admitted that plaintiff had told him after the job was completed that he had delivered 620 loads of fill and that at $2 per load the amount due was $1,240. He also admitted that plaintiff had requested money before the bill was sent in 1952 and that he told plaintiff he would get paid when the property was sold.

Arthur Falcioni, a part-time employee of defendant, was called as a witness by him. The pertinent substance of his testimony is that he was present when the oral agreement in question was made; that defendant agreed to pay plaintiff when the land in question was sold; that plaintiff at that time was told by defendant that he owned the land together with others; and that plaintiff agreed to the proposition that when the land was sold he would get his money.

It is clear from the record that there is no substantial dispute as to the work done by plaintiff or the amount due from defendant for such work. The only question raised relates to the time of payment. According to plaintiff's testimony no express time was mentioned. On the other hand defendant's testimony is that he agreed to make the payment when the land in question was sold. We find nothing in the evidence, either expressly or inferentially, to support defendant's contention that the payment was to be made only *if* the lots were sold.

The defendant raises three issues under his exception 17, which relates to the refusal of the trial justice to grant defendant's request for certain instructions to the jury. Under the first issue he contends that the trial justice erred in failing to instruct the jury that "A promise to pay when

able is a conditional promise and proof of ability to pay is an essential element of a cause of action thereon."

As we have already observed, there is no evidence in the instant record, either directly or by reasonable inference, of a promise to pay when able, that is, that payment was conditional on an ability to pay. The defendant's testimony is that he was to make the payment *when* he sold the land. Since, therefore, there was no evidence to which the requested instruction could relate, the trial justice did not err in refusing to grant it. *Owens* v. *Hagenbeck-Wallace Shows Co.*, 58 R. I. 162, 176.

The defendant's second contention is that the trial justice erred in failing to instruct the jury that "The mere fact that a person promises to pay a sum of money when he sells certain property is not conclusive of absolute liability." In the instant case there is no evidence to warrant a finding that the obligation to pay would not be created until the lots were sold. In fact defendant himself admits by affirmative testimony the existence of the debt and an absolute obligation to pay the same when the land was sold. The transcript is replete with his testimony that nobody denied plaintiff his money, but that he should wait for the payment thereof until the land was sold. Therefore, since there was no evidence that the creation of the debt was not to arise until the land was sold, the trial justice correctly refused to grant the instant request. *Owens* v. *Hagenbeck-Wallace Shows Co.*, *supra*.

The defendant's final contention as stated in his brief is that the trial justice erred in failing to instruct the jury "that the original contract may have been modified or substituted by a new contract." We cannot agree with this contention. The fact is that the proof is clear that the defendant acknowledged the existence of an obligation to pay the sum of $1,240 for 620 loads of fill at $2 per load. The only dispute concerns the time of payment. There is no evidence, directly or by reasonable inference, to support a

finding that the contract had been modified or substituted as to the time of payment. The ruling of the trial justice was therefore without error. *Owens* v. *Hagenbeck-Wallace Shows Co., supra.* Exception 17 is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*William J. Gearon,* for plaintiff.

*Grande & Grande, Corinne P. Grande,* for defendant.