# Eino V. Harju *vs.* Shelby Mutual Casualty Company.

## JULY 13, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an action of assumpsit to recover under an automobile liability insurance policy issued by the defendant to the plaintiff. The defendant disclaimed liability thereunder and the plaintiff brought the instant action. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant. It is before us on the plaintiff's exceptions to the denial of his motion for a new trial and certain rulings made during the trial.

The following facts are not in dispute. Early in 1953 plaintiff applied to Manuel B. Vierra, an insurance broker, hereinafter called the broker, for an automobile liability insurance policy covering a Dodge car then owned by plaintiff. The broker filed an application to secure such coverage under the "assigned risk" plan and subsequently the risk

was so assigned to defendant. Thereafter defendant issued the policy in question for the period from February 15, 1953 to February 15, 1954. In addition to the standard provisions obligating the insurance company to pay claims and defend suits arising from ownership of the automobile described in the policy, under paragraph IV (a) (4), the policy also covered "Newly Acquired" automobiles "if the named insured notifies the company within thirty days following the date of its delivery to him * * *."

On December 7, 1953 plaintiff purchased and accepted delivery of a newly acquired car, referred to in the evidence as a Ford sedan. It is admitted that on the same day he duly transferred the registration from the Dodge to the Ford. It appears from the evidence that plaintiff did not thereafter register the Dodge and that he subsequently sold it, but he admits that there is no evidence in the record indicating that it was sold prior to January 11, 1954, the date on which he became involved in a collision while operating the Ford sedan.

It further appears that as a result of the accident claims were filed against plaintiff for personal injuries and property damage; that defendant was duly notified of such claims; and that thereafter it disclaimed liability under the policy for such claims apparently on the ground that the Ford sedan was not covered by the policy because of plaintiff's failure to notify it of the change of cars within the time prescribed in the policy. The plaintiff subsequently compromised the claims and thereafter instituted the instant action to recover from defendant as damages the moneys expended by him in defending and compromising the claims. The parties have agreed that the damages recoverable in this action, if any, are in the sum of $700 plus interest.

Under the charge given by the trial justice the main issue presented to the jury for their determination was whether plaintiff had given defendant notice of the change of cars

in compliance with the requirements of the policy. The plaintiff testified that he notified the broker of such change the day after he acquired the new car. The broker testified that he received such notice within three days from the time plaintiff changed the registration of his car; that he mailed a notice of such change to defendant; and that although he did not know exactly when he mailed it his best recollection was that he did so within three days of the receipt of such notification from plaintiff. After the conclusion of plaintiff's case, defendant rested without presenting any testimony in addition to that which was elicited by its cross-examination of plaintiff and his witness.

The plaintiff contends that the verdict was against the law and the evidence and the weight thereof, and that the trial justice therefore erred in denying his motion for a new trial. He also challenges the correctness of certain evidentiary rulings. Under our well-established rule we shall consider only the exceptions which he has briefed and argued. Those neither briefed nor argued are deemed to be waived. *Conway* v. *Marsh*, 79 R. I. 254.

Under exception numbered 3 plaintiff contends that the trial justice committed prejudicial error in sustaining defendant's objection and striking the answer to a question in direct examination as to whether defendant had ever offered to refund any part of the premium plaintiff had paid for the policy in question. The witness had answered the question after an objection had been made by defendant but before the trial justice had a chance to rule thereon. There is nothing in the record indicating that the policy was not in force at the time of the accident or that it had been canceled by defendant. The only issue was whether plaintiff had given proper notice to defendant which entitled him to coverage on the newly acquired car. Since the parties agree that the policy was in effect, it follows that plaintiff was clearly not entitled to a refund. The instant inquiry was therefore not material and the ruling in ques-

tion was consequently not erroneous. The third exception is overruled.

Exception 6 is based on plaintiff's contention that the trial justice erred in sustaining defendant's objection to a question put by plaintiff to his witness, the broker, in direct examination. The witness had been asked whether he had made any record in his office of plaintiff's change of cars at the time he was notified of such change by plaintiff. He replied as follows: "Well, I do not have anything to prove that but I think we did; we always do. It is customary for us to do that." He was next asked: "How long would you have kept such records as that kind?" The ruling of the trial justice in sustaining defendant's objection to the latter question is the basis of the instant contention. The plaintiff argues that the question should have been allowed in order to enable the witness to explain why the records were not in court.

In our opinion there is no merit in plaintiff's contention. The witness' reply to the prior question was neither responsive nor positive. He did not say that he had made a record in his office of the change of cars in the instant case. The substance of his response to the prior question was pure speculation and not a proper foundation for the later question. In effect the witness was being asked how long he would have kept a record which he did not say he had made. In the absence of evidence that he had made such a record, the question was clearly objectionable. The sixth exception is overruled.

The plaintiff's exception 8 is based on his contention that the trial justice erred in granting defendant's motion to strike certain evidence. The trial justice had admitted de bene plaintiff's testimony concerning conversations he had with the broker in reporting the change of cars. The defendant, in the absence of the jury, moved to strike such testimony as hearsay on the ground that the evidence did not show that the broker was an agent of defendant. Dur-

ing the discussion of the motion and in the absence of the jury the trial justice expressed his belief that the evidence failed to show that the broker was an agent of the defendant for the purpose of accepting notice of the change of cars. At the same time he indicated that he would grant defendant's motion and he noted plaintiff's exception to such ruling.

However, after the testimony in question was read back, the trial justice denied defendant's motion and granted an exception to such ruling. The ruling was obviously favorable to plaintiff. In fact he never made the ruling of which plaintiff now complains. In the circumstances his instant exception is clearly lacking in merit, especially since all of this took place in the absence of the jury. The eighth exception is overruled.

The plaintiff's contentions relating to certain rulings by the trial justice in the absence of the jury pertaining to the applicability of general laws 1956, §§27-2-3 and 27-3-15, are not properly before us. The bill of exceptions contains no exception to such rulings. It is well settled that an exception which is not in the bill of exceptions is not before the appellate court for consideration. *Providence Fruit & Produce Bldg., Inc.* v. *Gamco, Inc.*, 76 R. I. 54, 57.

The plaintiff took no exceptions to the charge as given. In such circumstance the charge as given is the law of the case and the plaintiff is bound by it. *Narell* v. *Sasso*, 76 R. I. 483, 486; *Chase* v. *United States Fidelity & Guaranty Co.*, 73 R. I. 51, 58. His contentions challenging the correctness of the charge are therefore not properly before us. *Ricci* v. *New England Transp. Co.*, 77 R. I. 12, 15.

We will now consider exception 9 under which plaintiff contends the trial justice erred in denying his motion for a new trial. The motion was based on the usual grounds that the verdict was against the law and the evidence and the weight thereof. In his charge the trial justice instructed the jury that plaintiff's testimony that he had notified the

broker was not proof that such notice constituted notice to defendant and that the only issue of fact for them to decide was whether defendant within the prescribed time had actually received the notice which the broker testified he had mailed to it. In other words he instructed the jury that as a matter of law the broker was not defendant's agent for the purpose of accepting the notice of change of cars. As we have already stated, no exception was taken to such charge. In passing on the motion the trial justice clearly indicated that he was satisfied that the jury had followed his instructions on the law. In the circumstances plaintiff cannot now be heard on any contention that the verdict was against the law. *Ricci* v. *New England Transp. Co.*, *supra;* *Simonelli* v. *Beswick*, R. I., 133 Atl. 435.

The plaintiff's contention that the verdict is against the evidence and the weight thereof is based on his assertion that the only evidence in the case is the positive testimony of plaintiff and his witness, the broker. He argues that since such positive testimony was uncontradicted and unimpeached by any other evidence, direct or circumstantial, the jury and the trial justice erred in disregarding it.

In passing on the motion the trial justice concluded that the jury disbelieved plaintiff's testimony with reference to the mailing of the notice to defendant. He had instructed them in his charge that it was their duty to pass upon the credibility of the testimony given by the witnesses, to reject any evidence which they did not believe to be true, and to decide the case on the evidence which they accepted as true. This was the law of the case and he was satisfied that they followed his instructions. He clearly and expressly approved of and agreed with the jury's findings and he emphatically stated that he did not believe the notice in question was mailed within the thirty-day period. He concluded that plaintiff failed to sustain his burden of proving compliance with the terms of the policy and that in the circum-

stances the verdict did substantial justice between the parties.

In view of the charge, plaintiff's contention that his testimony with reference to the mailing of the notice of change of cars must be accepted as a matter of law is without merit. The only question before us is whether the jury and the trial justice were justified in rejecting his positive and uncontradicted testimony on the ground of lack of credibility. In our opinion, under the law of the case they were justified in passing upon and determining the question of credibility. *Ricci* v. *New England Transp. Co., supra; Simonelli* v. *Beswick, supra.*

In the case at bar the testimony of the broker was of great importance to plaintiff's case. Except for his statement that he mailed the notice in question, his testimony was generally vague and uncertain and he had no written record to support his testimony concerning either the fact that he had received notification of the change of cars within the prescribed time or that he had mailed such notice to defendant on time. He testified that he had destroyed the records which he kept in his office in 1953 and 1954. In our opinion the jury and the trial justice were justified in drawing from such evidence an inference adverse to plaintiff in so far as the broker's credibility was concerned.

In our opinion the trial justice performed his duty in passing on the motion for a new trial. He passed his independent judgment upon the weight of the evidence and the credibility of the witnesses. He clearly approved the verdict and found that it did substantial justice between the parties. Both he and the jury had the benefit, which we do not have, of seeing and hearing the witnesses testify. In a case such as this where the chief issue is the credibility of witnesses that benefit is of great value. We should not disregard such advantage of the trial justice in determining credibility and ascertaining the truth. Where the trial justice has properly performed his duty it is well established under

our practice that his decision is of persuasive force and will not be disturbed unless it is clearly wrong. After carefully examining the entire record we cannot say that his decision denying the plaintiff's motion for a new trial was clearly wrong. The ninth exception is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Haig Barsamian,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia,* for defendant.