Elaine F. SILVA

v.

Edwin G. SPOONER.

No. 95–666–Appeal.

Supreme Court of Rhode Island.

March 21, 1997.

James L. O'Neill, Providence.

Elaine F. Silva, pro se.

Thomas Bender, Providence.

### ORDER

The plaintiff, Elaine F. Silva (Silva), appeals from a judgment awarding her damages in the amount of $1,875 following a jury verdict against the defendant, Edwin G. Spooner (Spooner), in this automobile-accident case. Silva claims that the jury's verdict was grossly inadequate and that the trial justice committed reversible error by denying her motion for an additur and/or a new trial.[1]

Silva and Spooner were involved in an automobile accident in Middletown, Rhode Island. Silva was treated for her injuries at Newport Hospital and released. The jury returned a verdict in the amount of $2,500, which was then reduced to $1,875 because the jury also found that Silva was 25 percent contributorily negligent.

Silva then filed a motion for an additur or a new trial. The trial justice reviewed the evidence, determined that Silva had sustained only minor injuries (as evidenced by her return to work within a relatively short period after the accident), found that the jury verdict was supported by the evidence, and denied Silva's motion. Silva claims that the amount of the jury's verdict is unresponsive to the evidence and that the trial justice should have granted her motion for an additur to award her greater damages. We disagree.

A jury's damage award may be cast aside and a new trial granted only if the award shocks the conscience, strongly suggests that it was affected by prejudice or passion, or demonstrates that the jury calculated the amount of the award upon some clearly erroneous basis. *E.g., Hayhurst v. LaFlamme,* 441 A.2d 544, 547 (R.I.1982); *Ruggieri v. Beauregard,* 110 R.I. 197, 201, 291 A.2d 413, 415 (1972); *see also Pimental v. Postoian,* 121 R.I. 6, 12–13, 393 A.2d 1097, 1101 (1978) (adding that we "permit the jury substantial latitude" in computing damages to be awarded for pain and suffering). Motions for an additur or a new trial are to be assayed by trial justices from their perspective as a superjuror. *See Hayhurst,* 441 A.2d at 547. They must comb through the material evidence, pass on the witnesses' credibility, and make references to those facets of the case that influence their decisions. *Id.* If trial justices touch these bases, we shall give great weight to their decisions concerning the adequacy of a jury's award. *Id.* And we shall not upset a jury's pain-and-suffering award unless such a "demonstrable disparity exists between the amount assigned by the jury and the actual damages sustained that the verdict is unresponsive to the controver-

---

**1.** Pursuant to an order, Silva appeared before this court to show cause why the issues raised by her appeal should not be summarily decided. After reviewing the parties' memoranda and lis-

tening to their arguments, we conclude that cause has not been shown and shall therefore proceed to decide Silva's appeal at this time.

sy and fails to render substantial justice between the parties." *Id.* at 546–47.

Given the evidence presented at trial and the trial justice's credibility determinations, we cannot say that the verdict was "unresponsive to the controversy." Indeed, even Silva concedes that the nature and the extent of her injuries could be questioned. And when, as here, the evidence is such that reasonable minds could fairly come to different conclusions, we shall not disturb a trial justice's denial of a new-trial motion. *See Carlin v. Parkview Service Co.*, 625 A.2d 212 (R.I.1993). Accordingly we affirm the judgment and dismiss Silva's appeal.

