DECISION
Before this Court, pursuant to Super. R. Civ. P. 59 and following a jury verdict, is Carol A. Butler's ("defendant") motion for a new trial or, in the alternative, remittitur of the jury's compensatory damages and loss of consortium awards to Eleanor and Frank Tedino ("plaintiffs"), who were involved in a motor vehicle accident with the defendant. The plaintiffs filed an objection to the defendant's motion.
 Facts and Travel
On December 4, 1998, Frank Tedino was driving his motor vehicle on Hartford Avenue in Johnston, Rhode Island. His wife, Eleanor Tedino, was a passenger. The plaintiffs were stopped at a red traffic light when they were hit from behind by the vehicle driven by the defendant. The plaintiffs brought a negligence action for damages against the defendant. Liability was admitted. The sole issue to be determined by the jury was the appropriate amount of damages, if any, for plaintiffs' physical injuries and plaintiff Frank Tedino's loss of consortium.
The jury awarded Eleanor Tedino damages of $75,000 and Frank Tedino damages of $25,000 for their personal injuries. The jury awarded Frank Tedino an additional $25,000 for loss of consortium.
Thereafter, the defendant filed this timely motion seeking a new trial on the issue of damages or, in the alternative, a remittitur. After review of the parties' filings and the evidence at trial, this Court renders the following decision.
 Standard of Review
The role of a trial justice when reviewing a motion for a new trial is well-settled in this jurisdiction. The trial justice, sitting as an extra juror, must "independently weigh, evaluate and assess the credibility of the trial witnesses and evidence." Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) (quoting Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)). He or she may accept some or all of the evidence and reject testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence or because it is inherently improbable or at variance with undisputed physical facts or laws. Barbatov. Epstein, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice also may add to the evidence by drawing proper inferences. Id. at 193-94, 196 A.2d at 837.
Upon determining that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence, could come to different conclusions, the trial justice must allow the verdict to stand, Graff, 748 A.2d at 255, even if the trial justice entertains some doubt as to its correctness. Marcotte v. Harrison, 443 A.2d 1225, 1232 (R.I. 1982). However, if after making an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence and fails to do substantial justice, the verdict must be set aside. Reccko v. Criss Cadillac Co., Inc.,610 A.2d 542, 545 (R.I. 1992) (citing Sarkisian v. New Paper, Inc.,512 A.2d 831, 835 (R.I. 1986)). Even though the trial justice "need not perform an exhaustive analysis of the evidence, he or she must refer with some specificity to the facts which prompted him or her to make the decision so that the reviewing court can determine whether error was committed." Reccko, 610 A.2d at 545 (citing Zarrella v. Robinson,460 A.2d 415, 418 (R.I. 1983)).
 Review of the Evidence
In her motion, the defendant contends that the jury's award of damages to the plaintiffs for pain and suffering and loss of consortium was excessive, shocked the conscience, and was influenced by passion and emotion. With regard to plaintiff Eleanor Tedino's award, the defendant argues that because the jury inferred that the motor vehicle accident aggravated a preexisting lower back condition, this inference was erroneous and the $75,000 should be remitted or a new trial on damages should be granted.
Eleanor Tedino is a 76 year old woman who, other than the lower back pain, is generally in good health. She testified that she had been hospitalized in 1970 with a back problem, but that that injury never affected her lifestyle. (Tr. at 23.) After the accident on December 4th, she described pains through her back, neck, shoulders, and down her spine. (Tr. at 10.) She sought treatment for the pain with her physician, Dr. Crawford, on December 7 and 15, 1998. Dr. Crawford then referred her to a physical therapist at New England Rehabilitation Center, where she was treated with moist heat and given stretching exercises. (Tr. at 11-12.) Despite her pain, on January 1, 1999, she accompanied her husband, Frank, to Florida for the winter months. The plaintiffs, on the advice of Eleanor Tedino's physician, stopped and rested every two hours on their way to Florida. (Tr. at 13.) She sought treatment from Dr. Wang, her physician in Florida. She continued her physical therapy in Florida, seeking treatment twice a week until she and her husband returned to Rhode Island in April of 1999. (Tr. at 15-16.) In Rhode Island, Mrs. Tedino did not go back to her physical therapist, but instead turned to Dr. Manzolillo, a chiropractor, for relief. (Tr. at 16.) After eight chiropractic visits with no results, she consulted again with Dr. Crawford, who referred her to Dr. Tornabene, who scheduled her for an MRI. (Tr. at 18.) She testified that the pain she experienced felt like a pinch in her leg, down to her toes. (Tr. at 20.) She asserted that she could not walk, golf, clean her house, garden or participate in many of the activities she enjoyed prior to the car accident. (Tr. at 21-22.) She continues to experience pain in her lower back. (Tr. at 25-26.)
"The purpose of expert testimony is to aid in the search for the truth. It need not be conclusive and has no special status in the evidentiary framework of a trial. This Court consistently has held that a jury is free to accept or to reject expert testimony in whole or in part or to accord it what probative value the jury deems appropriate." Morrav. Harrop, 791 A.2d 472, 477 (R.I. 2002). The defendant maintains that the $75,000 awarded to Mrs. Tedino for her lower back and neck pain was excessive and failed to administer substantial justice between the parties. Dr. Feldman, the defendant's medical expert, concluded that the post-accident back pain was attributable to chronic lower back pain which pre-existed the accident. He made this assessment by relying on Dr. Wang's notation in the medical records that Mrs. Tedino had been hospitalized in 1997 for sciatica. The plaintiffs argue that the sciatica notation in Dr. Wang's records was incorrect. They contend that because the jury chose to accept the expert testimony of Mrs. Tedino's physician, Dr. Tornabene, the jury's $75,000 award to Eleanor Tedino was justified.
Dr. Tornabene, who saw Mrs. Tedino in October of 1999 and ordered an MRI, swore by affidavit that Mrs. Tedino's lower back pain was caused by the motor vehicle accident on December 4, 1998. In contrast, the defendant's expert, Dr. Feldman, who never physically examined Eleanor Tedino, found that Mrs. Tedino's lower back pain was chronic and due to her sciatica. Based upon the evidence, the jury could reasonably conclude that Eleanor Tedino suffered lower back and neck pain as the result of the motor vehicle accident with the defendant. This "jury [was] free to accept or to reject expert testimony in whole or in part or to accord it what probative value the jury deem[ed] appropriate" and this Court will not disturb the jury's damage award based on the weight it accorded to the plaintiffs' expert. See Morra, 791 A.2d at 477. Moreover, this Court determines that the evidence is such that reasonable minds could differ, and thus the verdict should stand. Graff, 748 A.2d at 255
During its deliberations, the jury inquired whether it was proper to award damages for a pre-existing condition aggravated by the motor vehicle accident. The defendant argues that this question proves that the jury awarded her damages based on the erroneous conclusion that Mrs. Tedino had a chronic back problem which was aggravated by the accident. The defendant contends that the jury's award was not supported by the evidence because Mrs. Tedino was not entitled to damages if the accident did not directly cause her injuries. The plaintiffs counter that nothing can be inferred from the jury's question, and any attempt by the defendant to make such an inference is too speculative.
"It is well settled that in order to gain recovery in a negligence action, a plaintiff must establish . . . proximate causation between the conduct and the resulting injury, and the actual loss or damage." Jenardv. Halpin, 567 A.2d 368, 370 (R.I. 1989) (citing Atlantic HomeInsulation, Inc. v. James J. Reilly, Inc., 537 A.2d 126, 128 (R.I. 1988)). "Proximate cause is established by showing that but for the negligence of the tortfeasor, injury to the plaintiff would not have occurred." Skaling v. Aetna Insurance Co., 742 A.2d 282, 288 (R.I. 1999) (citing Fondedile, S.A. v. C.E. Maguire, Inc., 610 A.2d 87, 95 (R.I. 1992)). The defendant admitted that she was liable for causing the accident; thus, the defendant's negligence is not an issue. Furthermore, Mrs. Tedino's physician and medical expert, Dr. Tornabene, determined that the accident was the cause of her neck and back injuries. Further, the testimony of Dr. Feldman relative to her prior back difficulty was more than sufficient to warrant a finding that the instant accident resulted in an aggravation.
The jury is permitted to ask questions of the court during its deliberations and is given "substantial latitude" in computing damages for pain and suffering. Silva v. Spooner, 692 A.2d 336, 336 (R.I. 1997) (order). Neither the Court nor the parties know the jury's thought process in reaching its damage award for Mrs. Tedino's injuries. Moreover, it is mere speculation to attempt to determine how the jury arrived at its decision. The Court does find, however, that there is credible evidence demonstrating that Mrs. Tedino suffered personal injuries in the car accident and those injuries "resulting in proved incapacity or loss of function and accompanied by prolonged severe pain ought to be amply compensated." Bernat v. Degasparre, 85 R.I. 259, 263,129 A.2d 545, 547 (1957).
 Damages
The jury has discretion to set the damages amount to compensate an injured plaintiff and their decision will not be altered by this Court as long as no "demonstrable disparity exists between the amount assigned by the jury and the actual damage sustained [such] that the verdict is unresponsive to the controversy and fails to render substantial justice between the parties." Silva, 692 A.2d at 336 (quoting Hayhurst v.LaFlamme, 441 A.2d 544, 546-47 (R.I. 1982)). "[A] damage award may be disregarded by the trial justice and a new trial granted only if the award shocks the conscience or indicates that the jury was influenced by passion or prejudice or if the award demonstrates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which a party is entitled." Shayer v. Bohan, 708 A.2d 158, 165 (R.I. 1998) (citations omitted). In other words, "`the fixing of damages, while initially a jury's responsibility, may be interfered with by a trial justice on a motion for a new trial if, in the exercise of his [or her] independent judgment in passing upon the evidence adduced with respect thereto, he [or she] finds that the award is grossly in excess of an amount adequate to compensate for the injuries sustained.'" Gordon v.St. Joseph's Hospital, 496 A.2d 132, 138 (R.I. 1985) (quoting Wood v.Paolino, 112 R.I. 753, 755, 312 A.2d 744, 745 (1974)). "[A] trial justice, in reducing a verdict or conditioning the denial of a motion for a new trial on a plaintiff's assent to a reduction in the amount of damages awarded, should reasonably indicate with particularity that portion of the jury's award that is excessive and warrants a remission of excess." Tomaino v. Concord Oil of Newport, Inc., 709 A.2d 1016, 1026, (R.I. 1998) (citing Devine v. United Electric Railways Co., 85 R.I. 170, 172-73, 128 A.2d 334, 335 (1957)).
After reviewing the evidence before it, this Court finds that the jury, in awarding Mrs. Tedino $75,000 in damages to compensate for her pain and suffering in her lower back and neck, responded to the merits and provided adequate compensation. Accordingly, defendant's motion for a new trial, or in the alternative, a remittitur on the issue of Mrs. Tedino's damage award is denied.
With regard to plaintiff Frank Tedino's $25,000 award, the defendant argues that such award shocks the conscience and is excessive given the evidence presented that he experienced back pain for approximately two weeks, drove from Rhode Island to Florida, and did not seek treatment in Florida. Furthermore, the defendant argues that the jurors were unduly sympathetic toward Mr. Tedino because he suffers from Parkinson's Disease. The plaintiffs object to the defendant's assertions, arguing that the jurors simply believed Mr. Tedino's testimony about the accident and that any contention that they were influenced by Mr. Tedino's disease was pure speculation.
Mr. Tedino's testimony before the jury was honest, forthright, and plain. He testified that during the night after the accident, he was in "a little pain." (Tr. at 34.) He sought treatment, along with his wife, from Dr. Crawford on December 7th and 15th. (Tr. at 36.) He further testified that he did not seek medical treatment in Florida, he has no lingering injuries from the car accident, and that he suffered "only a couple of weeks of pain." (Tr. at 37.)
The evidence indicates that Mr. Tedino's back pain was resolved within a couple of weeks of the accident, but certainly before he drove with his wife to Florida on January 1, 1999. Based on the evidence presented, this Court finds Mr. Tedino's two weeks of back pain to be a minimal and temporary impairment, especially since less than a month after the accident, he was physically able to drive his car to Florida without any pain.[1] He sought treatment from Dr. Crawford twice. This Court thus finds that the jury's award to plaintiff Frank Tedino for $25,000 was excessive in relation to his two weeks of pain and failed to do substantial justice between the parties. This Court is satisfied that the damage award was the result of undue passion or prejudice and finds that, on the evidence before it, the sum of $5,000 would adequately compensate Mr. Tedino for the damages he sustained as the result of the defendant's negligence.
As to the merits of plaintiff Frank Tedino's loss of consortium claim, the defendant relies primarily on an exchange between defense counsel and Mr. Tedino wherein he asked: "Has Eleanor's injury had a major impact on your life?" to which Mr. Tedino answered, "[n]o." (Tr. at 41.) The plaintiffs argue that the defendant was in error to ignore all of the other evidence presented showing that Mr. Tedino's life has been altered because he and his wife Eleanor can no longer play golf, or go dancing and walking together. (Tr. at 38-40.) Additionally, Mr. Tedino testified that he has taken over all of the household chores because Mrs. Tedino is no longer physically able to accomplish them. (Tr. at 39.)
Rhode Island General Laws § 9-1-41(a) states that "[a] married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse." But, first, "that person necessarily must prove that he or she actually did suffer a loss of consortium." Conant, et al. v. Zerva, 2002 R.I. LEXIS 57, *6 (order). Loss of consortium "is the loss of conjugal fellowship, affection, society and companionship that gives rise to the cause of action." Fritzv. May Dep't Stores, Co., 866 F. Supp. 66, 70 (D.R.I. 1994). The plaintiffs presented evidence that Frank Tedino can no longer participate with his wife Eleanor Tedino in certain activities that they have enjoyed in the past because of her injuries. Specifically, golf was mentioned by both plaintiffs as a sport that they had enjoyed together, but could no longer play. Mr. Tedino also testified that he has had to take on chores around the house because Mrs. Tedino is no longer able to clean, do laundry, or maintain the garden.
This Court is satisfied that the loss of consortium damages are excessive and disproportionate to the actual damage sustained. Mrs. Tedino testified that she does golf on occasion, and that she and her husband dine at restaurants once in a while, but are unable to go dancing or walking together as they did in the past. (Tr. at 40-41.) However, Mrs. Tedino continues to provide her husband with affection and companionship. Therefore, this Court finds that the $25,000 verdict for Mr. Tedino's loss of consortium is excessive in relation to the evidence of loss of consortium sustained and fails to do substantial justice between the parties. This Court finds that the sum of $15,000 represents a sum which adequately reflects the evidence as it pertains to the loss of consortium claim.
 Conclusion
After careful consideration of the evidence, this Court finds that the verdict of $75,000 to plaintiff Eleanor Tedino for her injuries is reasonable and supported by a fair preponderance of the evidence. The jury's award to plaintiff Frank Tedino — $25,000 for injuries and $25,000 for loss of consortium — was excessive and failed to render substantial justice between the parties. The sums of $5,000.00 to plaintiff Frank Tedino for personal injuries and $15,000 for loss of consortium is responsive to the merits and in accordance with the evidence.
Therefore, defendant's motion as to plaintiff Eleanor Tedino is denied. Defendant's motion for a remittitur as to plaintiff Frank Tedino relative to compensatory damages and loss of consortium is granted in the aforementioned amounts.
Counsel shall prepare an appropriate judgment in accordance with this Decision for entry.
[1] Evidence was presented that the plaintiffs interrupted their drive to Florida every two hours on the recommendation of Dr. Crawford. However, that suggestion was not directed at Mr. Tedino, who had no pain at that time, but to Mrs. Tedino, who continued to have lower back pain.