## LOUIS R. GOLDEN VS. R. L. GREENE PAPER CO.

### APRIL 12, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Husband and Wife.     Right of Consortium.     Negligence.     Damages.*
    *Elements of Damage.*

In an action by a husband to recover damages for injuries to his right of consortium in consequence of personal injuries to the wife through defendant's negligence, the loss of sexual intercourse with his wife does not constitute an element of damage, but the basis of recovery is the loss of services and is restricted to that element of the consortium together with the loss to his estate in connection with the expenses to which he has been put by reason of her disability.

TRESPASS ON THE CASE for injury to plaintiff's right of consortium.     Heard on exceptions of defendant and sustained.

SWEETLAND, C. J.     This is an action of trespass on the case to recover damages for injuries to the plaintiff's right of consortium in consequence of personal injuries alleged to have been received by his wife through the negligence of the defendant's servant.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff in the sum of four thousand two hundred and fifty dollars. The defendant duly filed its motion for new trial which was denied by said justice.     The cause is before us upon the defendant's exception to the decision of said justice upon its motion for new trial.

The alleged negligence of the defendant resulting in injuries to the plaintiff's wife has been considered in our opinion rendered in the case of *Carrie Golden vs. R. L. Greene Paper Co.*, 44 R. I. 226.     The jury's verdict in this case, supported by the decision of said justice, would not be disturbed by us if we did not consider the damages awarded to be excessive.     The plaintiff testified to a money loss up to the time of trial of nine hundred and fifty nine dollars resulting from his wife's condition due to the accident.

This consisted of expenditures for the professional services of physicians and surgeons, for hospital charges and nurses' compensation, for the hire of automobiles and for servants' hire in his household.' There was evidence also from which it might be found that after the trial it would be necessary for the plaintiff to make some further expenditures for medical attendance upon his wife and for extra domestic servants' hire. We think from the testimony that the sum of twelve hundred dollars will amply cover the plaintiff's damages due to the loss of his wife's services and to the expense to which he has been or will be put by reason of said injuries to his wife.

At the trial both the plaintiff and his wife testified that as a result of the wife's injuries the plaintiff was not able to have "marital relations" with his wife. In considering the amount of damages awarded said justice in his decision upon the motion for new trial said, "Testimony was given of impairment of her capacity for sexual intercourse. The matter was dwelt on in argument. From the fact that she has to a great extent resumed the sort of work she did before the accident and from the size of the verdict it is evident that the testimony to this condition heavily enhanced the damages awarded." In argument before us counsel for the plaintiff has urged that the plaintiff's loss of sexual intercourse with his wife is a proper element of damage for which he should be awarded compensation. It quite clearly appears, and such was the view of counsel, that a considerable part of the verdict was based upon a finding that by reason of his wife's injuries resulting from the accident the plaintiff had been deprived of the exercise of this element of his right of consortium and that the jury had given compensation therefor. The question is thus clearly presented to us as to whether such loss constitutes an element of damage for which the plaintiff can have recovery in this action.

The term "consortium" refers to the aggregate of the elements of conjugal fellowship and assistance which arise

to either spouse from the marriage relation.    In either it involves the right to the companionship, solace and affection of the other and undoubtedly includes that incident of the marital relation which we are now considering.    Although these are sometimes referred to as the sentimental elements of consortium, they are undoubtedly substantial and vital factors in producing and sustaining the union to the advantage of each spouse.    With respect to the husband, consortium also includes his right to receive the wife's services about his household and her assistance in the education and care of his children.

In case of the alienation of the affection of either husband or wife the wrongdoer has directly and maliciously invaded this right and destroyed its enjoyment.    The wrong is committed directly against the injured spouse.    The gravamen of the action for alienation of affection is not the loss of service but the loss of conjugal society and cohabitation.    The action exists in favor of the wife as well as the husband, and damages are given against the wrongdoer as punishment for the wrongful act.    The law does not attempt to measure the pecuniary loss and give damages as compensation.    In such action it is considered that it is to what we have termed the sentimental side of the consortium that legal injury has been done.    The Supreme Court of Connecticut in *Marri v. Stanford &c. Co.*, 84 Conn. 9, said: "In some cases, as where the wrong was criminal conversation, the loss of conjugal society and affection might stand out and be emphasized as the preëminent and possibly sole basis of recovery."

When a wife has been injured by the negligent act of another, there has not been an intentional wrong committed against the husband.    There cannot be said to be a direct injury to other than the practical and material elements of his right of consortium.    A husband has a right of action but his recovery must be of compensation and is not given by way of punishment.    In reference to the measure of damages in such action courts have frequently said that the

husband can recover for the injury to his consortium but within that term is the husband's right to the services of his wife, and it is solely for that and for his expenses that recovery has generally been permitted. In *Furnish v. Missouri, &c. Co.*, 102 Mo. 669, the court held that a husband is entitled to be compensated for the loss of his wife's society resulting from the defendant's negligence and said, "By the term 'society' in this connection is meant such capacities for usefulness, aid and comfort as a wife which she possessed at the time of the injury." From an examination of the opinion of other courts it seems plain that the great weight of authority is that in this class of cases whatever may be the general language used by the courts as to the nature of the husband's damage, the basis of his recovery, is his loss of the services of the wife growing out of her injury and is restricted to that element of the consortium, together with the loss to his estate in connection with the expenses to which he has been put in consequence of her disability.

The law will not attempt to fix pecuniary compensation in favor of the husband for the indirect effect which the wife's injuries may have had upon the sentimental side of the consortium. This is particularly true with reference to that element of consortium which we are now considering. Courts will not conduct an investigation for the purpose of fixing a monetary estimate upon the extent of such loss.

Although the language of their opinions is not explicit, courts in some instances appear to deny recovery to the husband on the ground that the wife has recovered or may recover for the same matter in her action for damages arising from her injury. We do not base our determination upon that ground, as in our view the wife's recovery does not include the personal loss of which the husband complains. The governing principle seems to us to be rather that this loss to both husband and wife is of a nature which courts will not attempt to compensate in pecuniary damages. If by reason of the negligence of a defendant there has

been an injury to a woman's sexual organs, impairing their functions, the extent of the impairment may well be considered in determining the amount of compensation which should be awarded to her for the injury, just as would properly be done with respect to the impairment of the functions of any other organ of her body.  The woman would recover for the diminution of those particular physical powers; but the court will not attempt to measure the loss which she may have suffered by being unable to exercise those powers for any period; nor will it measure the loss to her husband arising indirectly from the same cause.

With us the elements of a husband's damage resulting from his wife's injury due to the negligence of a defendant are restricted to compensation for the loss of his wife's services and to his expenses in caring for his wife and in attempting to cure or repair her injury.

In *Larisa v. Tiffany*, 42 R. I. 148, the plaintiff finds language from which he argues that this court does not intend in actions of this kind to limit a husband's recovery as we have just set forth.  The point under consideration in that case was as to whether a husband, who had been deprived of his wife's services in consequence of her personal injuries due to a defective highway, could properly be said to have suffered "damage to his property" within the meaning of Section 15, Chapter 46, General Laws 1909. The court was considering the nature of consortium generally and not the measure of damages for an injury to any of its elements.  In said opinion authorities were cited which appeared to support the court's position that consortium was a property right.  It chanced that the cases referred to were for alienation of affection, but the purpose of their citation by us was their general treatment of the question which we had under discussion in accordance with the view of this court.  We had no intention of extending the scope of a husband's recovery in the class of actions now under consideration so that it should include damages for injury to the sentimental as well as the practical side of his right of consortium.

We are of the opinion that the sum of twelve hundred dollars will afford ample compensation to this plaintiff for such injuries as the evidence shows he has suffered or is likely to suffer by reason of the negligence of the defendant, and for which he is entitled to recover.

The defendant's exception is sustained. The case is remitted to the Superior Court for a new trial unless on or before April 18, 1922, the plaintiff files in the office of the clerk of the Superior Court for the counties of Providence and Bristol a remittitur of all of said verdict in excess of twelve hundred dollars. If such remittitur is filed the Superior Court is directed to enter judgment for the plaintiff in the sum of twelve hundred dollars.

*Sol. S. Bromson, James J. Nolan,* for plaintiff.

*Ralph T. Barnefield, Pirce & Sherwood, Sidney Clifford,* for defendant.

