DORIS BEDARD *vs.* NOTRE DAME HOSPITAL.

JUNE 5, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action of trespass on the case was brought by the plaintiff for the alleged unlawful detention by the defendant of her infant son. The defendant demurred to the declaration on several grounds, and following a hearing thereon by a justice of the superior court the demurrer was sustained on certain of these grounds. Although the plaintiff was allowed ten days to amend her declaration she did not do so, but elected to stand on the declaration and has accordingly prosecuted her bill of exceptions to this court. The case is before us on her exception to the ruling of the trial justice on the demurrer.

The pertinent allegations in the declaration are in substance that plaintiff is the mother and guardian of a two-year-old son; that he was a patient undergoing treatment at the defendant hospital; that she was notified that such treatment had been completed and upon the payment of the hospital bill her child would be released into her custody; and that she was ready, willing and able to accept such custody, but that defendant wrongfully and willfully refused to release and discharge the child. The declaration further alleges that defendant wrongfully and willfully retained custody of the child for a long period of time thereafter against the will of plaintiff with the knowledge that said retention would cause her great anguish and suffering, and that as a result of such wrongful and willful action she suffered great anguish and was otherwise injured

and damnified. The declaration alleges no loss of services. In brief, no claim is made for actual damages.

As stated, the defendant demurred to the declaration on several grounds. However, we shall consider only the first ground, namely: "The declaration sets forth no cause of action." In our opinion a determination of this ground of the demurrer is decisive of all the issues raised in this proceeding.

The plaintiff argues that, notwithstanding the fact that initially the child was lawfully in defendant's custody, the action is essentially an action for abduction and that therefore trespass on the case is the proper form of action under the authority of *Wheeler* v. *Price*, 21 R. I. 99. The defendant does not question the form of action but contends in substance that the damages as an element must be considered as consequential and not direct. In other words defendant claims that since this is a declaration in case, damages are not imputed by the act alleged alone but are indirect and consequential. In support of this contention it cites *Henry* v. *Cherry & Webb*, 30 R. I. 13, and *Brown* v. *Superior Court*, 51 R. I. 469.

The principal question for consideration, therefore, is whether on the facts stated in the declaration a recovery may be had for the mental suffering endured by plaintiff as a result of defendant's alleged action. As stated by plaintiff, the issues are whether the alleged unlawful detention of her infant son by defendant constituted the invasion of a legally protected interest of the mother and, if so, is mental anguish unaccompanied by and not followed by physical illness a proper element of damages where the mental anguish is caused by intentional invasion of a legally protected interest?

The plaintiff contends that custody of a minor child is a legally protected interest for the invasion of which a parent, or one standing lawfully in his place, may sue and recover for mental anguish suffered by the parent notwith-

standing the absence of an allegation of loss of services of the child. In support of such contention plaintiff cites *Pickle* v. *Page,* 252 N. Y. 474, *Howell* v. *Howell,* 162 N. C. 283, and *Vogel* v. *McAuliffe,* 18 R. I. 791. In view of our conclusions, we deem it unnecessary to discuss those cases.

In our opinion custody of a minor child is a legally protected interest both at common law and by statute in this state. Under general laws 1956, §33-15-1, the parents share equally in the parent-child relationship. A wrongful injury to such legally protected interest will support a right of action by the parent or parents as a direct injury to said interest. However, the question whether mental anguish in a case such as this is a proper element of damages is one of novel impression.

It is generally held that a parent is not entitled to recover for mental distress and anxiety on account of an injury to his child unless the injury is a willful or malicious one. 39 Am. Jur., Parent and Child §80, p. 726. In *McGarr* v. *National & Providence Worsted Mills,* 24 R. I. 447, the court in effect stated that the jury was not at liberty to consider the fact that the plaintiff had been deprived of the comfort and society of the child and that the jury could not consider any physical or mental suffering or pain which may have been sustained by the parent by reason of the injury to the child. That case involved an action of trespass on the case for negligence and therefore differs materially from the instant case which alleges a willful invasion of plaintiff's legally protected interest of custody. In the case at bar plaintiff bases her action on a direct injury of an interest of her own.

In our judgment the reasoning of the court in *Simone* v. *Rhode Island Co.,* 28 R. I. 186, applies with equal force to the allegations in the declaration in the case at bar. Mental anguish cannot be considered an element of damages in the absence of allegations that the mental anguish was followed by physical ills as its natural consequence, that the

mental anguish as a cause gave rise to nervous disturbances and those in turn to physical troubles, and that the mental anguish itself was caused by the willful and wrongful action of defendant.

Therefore we are of the opinion that, although under the allegations of the declaration as it stands the claim for mental anguish cannot be the basis of an award of damages, the declaration did set forth a right of action which, if proved, would sustain an award of nominal damages. The trial justice therefore erred in sustaining the demurrer on the ground that the declaration set forth no cause of action.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Goodman, Mackenzie, Gorin & Blease, Jordan Tanenbaum,* for plaintiff.

*Albert E. Tondreau,* for defendant.