TERESA PIERI *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

MARCH 9, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Frost, J. This is an action of assumpsit brought by the plaintiff as beneficiary to recover on two policies of life insurance issued by the defendant on the life of her daughter. The case was tried before a justice of the superior court sitting with a jury and a verdict was returned for plaintiff in the sum of $3,700. Prior to the verdict it appeared from a statement made in open court by the foreman to the trial justice that the jury had found the policy of $750 void and that it "Should not be paid." The defendant's motion for

a new trial was denied by the trial justice and thereafter the defendant brought to this court a bill containing 42 exceptions.

The declaration contains three counts. In the first count plaintiff declares on an industrial policy, so called, with a face amount of $750 and in the second count on an ordinary juvenile life policy with a face amount of $3,000. The third count is on the common counts for the value of both policies. A demurrer to the first two counts was overruled. Thereafter defendant pleaded the general issue to all counts and three special pleas to the second wherein it alleges that the applicant for the insurance, who was the father of the insured, made certain false answers and misstatements in his application covering matters material to the risk to be assumed by defendant under its policy of insurance. To the special pleas plaintiff filed replications.

The evidence is practically undisputed. Elizabeth, the daughter of plaintiff and Valentino Pieri, was born on September 4, 1940 in Providence in the Homeopathic Hospital of Rhode Island. She was born without a right ear, with an enlargement of the heart and with partial facial paralysis. She had nine operations involving plastic surgery to give her an artificial ear. These extended over a period of seven years starting when she was six years of age. Elizabeth was admitted to the Homeopathic Hospital on February 14, 1942 for an upper respiratory infection and discharged on March 1, 1942, at which time the final diagnosis was bronchopneumonia and cardiac enlargement. On May 10, 1953 she was again admitted to the same hospital. The final diagnosis was upper respiratory infection, congenital heart disease and interauricular defect. On discharge on May 16, 1953 the infection was improved and the heart condition was unchanged. Elizabeth died in Peter Bent Brigham Hospital in Boston on April 6, 1955 at the age of fourteen years, and the cause of her death was given as patent ductus arteriosus bronchopneumonia.

At the time of her death there were five insurance policies with defendant on her life. Three of them were paid and the remaining two are subjects of the present suit. The industrial policy for $750 was issued on June 23, 1954 and the ordinary juvenile life policy on June 28 of the same year.

In view of our conclusion that there must be a new trial we shall consider only defendant's exception 39 to the court's denial of its sixth request to charge "that an agent in simply procuring insurance is the agent of the applicant in drawing the application and not the agent of the company and the applicant is responsible for his mistakes and false answers." The request was denied without comment.

Elizabeth's father, who procured the insurance, testified that he signed a blank application. It does not specifically appear who answered the questions on the application form but the evidence points strongly to one Vincent Tocco, who normally collected the dues from the Pieri family on defendant's policies held by the family. It appears that Tocco did not testify by reason of illness. This court has held many times that the person drawing the application is the agent of the applicant. *Ferla* v. *Commercial Casualty Ins. Co.*, 74 R. I. 190; *Wolf* v. *Prudential Ins. Co.*, 62 R. I. 270; *Monast* v. *Manhattan Life Ins. Co.*, 32 R. I. 557; *O'Rourke* v. *John Hancock Mutual Life Ins. Co.*, 23 R. I. 457.

The plaintiff insists, as we understand her, that to consider Tocco as the agent of the applicant would be in conflict with G. L. 1938, chap. 151, §10, now G. L. 1956, §27-3-15. That section reads: "Every person who acts or aids in any manner in negotiating contracts of insurance or reinsurance, or placing risks, or effecting insurance or reinsurance, or in obtaining any insurance, for any person other than himself, and receives compensation therefor; and every person who shall so far represent any insurance company, established in any

other state or country, as to receive or transmit proposals for insurance or to receive for delivery policies founded on proposals forwarded from this state, or otherwise to procure insurance to be effected by such company for persons residing in this state, shall be deemed and taken to be acting agent for and undertaking to make insurance as agent for and in behalf of such company, and shall be subject to the restrictions and liable to the penalties herein * * * made applicable to agents of such companies."

The language of this section does not use the word application but if it did the same person could properly act in different capacities at different times. The statute is a regulatory statute defining those persons required to be licensed and as such protects both the insurance company and the applicant desiring insurance. See *Fliger* v. *Pennsylvania Fire Ins. Co.*, 48 R. I. 274, where the court stated at page 279: "The business in this State of foreign insurance companies is regulated by statute (G. L. 1923, C. 256). Section 6, C. 256, provides that foreign companies admitted to do business in this State shall make contracts of insurance only through licensed resident agents. Contracts made by companies in violation of said chapter are valid, but any agent acting within this State in effecting such contracts, is subject to a penalty (s. 17) and upon refusal or neglect of such company to comply with the insurance laws, the authority of such company and its agents to do business in this State may be revoked by the Insurance Commissioner. One purpose of the statute undoubtedly is, while enabling responsible foreign companies to do insurance business in this State, to furnish reasonable protection to persons taking out insurance, who are required to deal with such companies only through its resident agent or agents."

In our opinion it was most essential that the jury be informed as to the father's responsibility for the answers contained in the application which became attached to the

policy and thus a part of the contract between the parties. Without such instruction the jury might well assume that it was the defendant's responsibility.

The defendant's exception 39 is sustained, and the case is remitted to the superior court for a new trial.

*Aram A. Arabian, Charles Butterfield, Jr.,* for plaintiff.

*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for defendant.