HELEN LEVASSEUR, *Adm'x vs.* KNIGHTS OF COLUMBUS.

MARCH 5, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action of trespass on the case for negligence is here on the plaintiff's exception to the decision of the superior court sustaining the defendant's demurrer to the plaintiff's declaration.

The defendant is a fraternal benefit society organized under the laws of the state of Connecticut and duly licensed to engage in the business of selling life insurance to its various members. On February 17, 1960 plaintiff's husband applied for a policy of life insurance with defendant, desig-

nating plaintiff as the beneficiary in the application. The first premium was paid by plaintiff's husband and sent with the application. The declaration alleges that on February 19, 1960, at the request of defendant, plaintiff's husband was examined by a physician employed by defendant; that he executed a signed statement containing such information concerning his physical condition as was required of him by said physician on behalf of defendant; and that immediately thereafter such statement was submitted to defendant by its physician.

The declaration further alleges that thereafter plaintiff's husband received no further inquiries from defendant except one in April or May 1960, requesting his authorization for certain medical information from a hospital in Fall River, Massachusetts; that he immediately furnished such authorization to defendant; and that he died on June 21, 1960, before any action had been taken by defendant on his application.

The plaintiff brought this action, as administratix of her husband's estate and as the beneficiary designated in the application, to recover the amount of the policy as damages for the alleged breach.

The declaration alleges in substance that defendant had a duty "to act upon said application within a reasonable length of time and to issue or to deliver a policy in accordance with said application, or to reject the same and notify" plaintiff's husband "of its action"; that defendant "negligently, carelessly, and wrongfully" breached such duty; and that as a proximate result of such breach plaintiff's husband "was unable to obtain the policy of insurance applied for, and was deprived of his opportunity to obtain a similar policy from another company."

The trial justice sustained the demurrer on the ground that the declaration failed to state a cause of action, stating in his decision that if a duty is to be imposed on insurance companies to accept or reject applications within a

reasonable time, it should be by legislative action and not by judicial fiat.

The issue raised by plaintiff's exception presents a question of first impression in this state. A review of the cases from other jurisdictions reveals a wide split of authority. For a discussion of this question see Annot., 32 A.L.R.2d, p. 487, entitled "Rights and remedies arising out of delay in passing upon application for insurance." See also 13 B.U.L. Rev. 734, and 3 U. Chi. L. Rev. 39.

The plaintiff contends that the unique relationship between the parties creates an implied promise and duty to accept or reject the application within a reasonable time and that justice and fairness require that we adopt the rationale of the cases from those jurisdictions which hold that an unreasonable delay in acting on an application for insurance subjects the company to liability in tort.

The declaration does not allege a statutory cause of action. The plaintiff is urging this court to create a new cause of action by judicial fiat. In our opinion this would be legislating and, in the circumstances, is not a proper function of the judicial department. See *Swentusky* v. *Prudential Ins. Co.*, 116 Conn. 526, and *Rapp* v. *Lester L. Burdick, Inc.*, 336 Mass. 438.

After carefully considering all of the plaintiff's contentions, it is our opinion that the declaration fails to state a cause of action and therefore the trial justice did not err in sustaining the defendant's demurrer thereto. The allegation that the defendant retained the first premium does not affect our determination of the basic issue. The defendant's duty to return such premium is clear.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Macioci and Morrison, Joseph C. Macioci,* for plaintiff.

*Anthony A. Giannini, Eugene A. Liberati,* for defendant.