408 A.2d 608.

ROBERT V. KALIAN *vs.* PEOPLE ACTING THROUGH COMMUNITY EFFORT, INC. (PACE).

NOVEMBER 30, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   This is an appeal, in a civil action, from a judgment granting the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

The plaintiff, Robert V. Kalian, is the owner in common with others of a number of residential housing units in Providence. The defendant, People Acting Through Community Effort, Inc. (PACE), is a nonbusiness corporation organized under Rhode Island law. As part of a general program designed to bring pressure on plaintiff to improve his property, PACE embarked upon a series of acts intended to embarrass plaintiff in public. The defendant's members picketed at plaintiff's place of worship and at his place of fraternal association and passed out leaflets accusing him of practicing "slumlandlordism."

The plaintiff filed a complaint seeking an injunction and

damages for invasion of privacy and infliction of severe emotional distress. The trial justice initially granted a temporary restraining order. Pursuant to Super. R. Civ. P. 12(b)(6), defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial justice granted defendant's motion and vacated the temporary restraining order. The plaintiff now appeals from this judgment.

The issue presented is to what extent this court should recognize as a general principle of law that the invasion of one's privacy by another is subject to liability and damages for resulting harm.

Both parties concede that an action for the invasion of privacy was not maintainable at common law. In *Henry v. Cherry & Webb*, 30 R.I. 13, 73 A. 97 (1909), the plaintiff brought an action for the unauthorized publication of a picture of the plaintiff in a newspaper advertisement. This court stated that it was unable to discover at common law that an invasion of privacy was actionable. The court stated further that if the right of privacy should become necessary or desirable, it would be the function of the Legislature to enact legislation to insure this right. Inaction on the part of the Legislature, however, could not confer that function on the judiciary.

The plaintiff here contends that the right of privacy has developed considerably since the *Henry* decision. That right now provides protection against four distinct strands of the general tort of invasion of privacy: (a) unreasonable intrusion upon the seclusion of another, (b) appropriation of the other's name or likeness, (c) unreasonable publicity given to the other's private life, and (d) publicity that unreasonably places the other in a false light before the public. Restatement (Second) *Torts*, §652 A(2) at 376 (1977): Prosser, *Torts*, §117 at 802-18 (4th ed. 1971). The plaintiff strongly urges this court to recognize a cause of action for the fourth strand: publicity which places the plaintiff in a false light in the public eye. The plaintiff in essence is asking this

court by judicial rule to create a new cause of action, a function that is customarily left to the Legislature.

For 63 years following the *Henry* decision, the Rhode Island Legislature failed to recognize any cause of action for the invasion of privacy. In 1972, however, 3 months after *Gravina* v. *Brunswick Corp.*, 338 F. Supp. 1 (D.R.I. 1972), a diversity case in which the Federal District Court noted the lack of any common-law right of privacy in Rhode Island,[1] the Legislature responded by enacting legislation providing for both injunctive relief and damages for the unauthorized commercial use of the name, portrait or picture of any person.[2]

At the time of the enactment in 1972 of G.L. 1956 (1969 Reenactment) §9-1-28, the four strands of the right of privacy described in the Restatement had been well recognized in many jurisdictions. Rhode Island, however, saw fit to limit this right only to protection against the unauthorized use of name, portrait or picture for commercial advantage. It can therefore be inferred that the Legislature deliberately excluded the other three strands when §9-1-28 was enacted.

We agree that from a standpoint of sound public policy, the creation of new rights of action in the field of individual privacy is a question for the consideration and determination of the Legislature. *See Whitcomb* v. *Huffington*, 180 Kan.

---

[1]The Federal District Court stated:

"'that a person has no right of privacy for the invasion of which an action for damages lies at common law,' is clear and unequivocal. The *Henry* court left it to the legislature to provide for an actionable right of privacy if it so desired. To date the legislature has not shown any such desire, and *Henry* stands as the only existing Rhode Island authority on the right of privacy." *Gravina* v. *Brunswick Corp.*, 338 F. Supp. 1, 2-3 (D.R.I. 1972).

[2]General Laws 1956 (1969 Reenactment) §9-1-28 states in part:

"Any person whose name, portrait or picture is used within the state for advertising purposes or for the purposes of trade without his written consent may bring an action in the superior court against the person so using his name, portrait or picture, to prevent and restrain the use thereof; and may recover damages for any injuries sustained by reason of such use."

340, 304 P̄.2d 465 (1956). By this holding, however, we are not saying that it is not within the power and authority of this court to abrogate judicially created rules. *See Digby* v. *Digby,* 120 R.I. 299, 388 A.2d 1 (1978). "When the rationales which gave meaning and coherence to a judicially created rule are no longer vital, and the rule itself is not consonant with the needs of contemporary society, a court not only has the authority but also the duty to reexamine its precedents rather than to apply by rote an antiquated formula." *Lewis* v. *Lewis,* 370 Mass. 619, 628, 351 N.E.2d 526, 531 (1976). That we decide against changing the rule today does not in any way preclude this court from reconsidering its position if the Legislature fails to act, and if by such failure would perpetuate injustice.

The plaintiff in this case has no cause of action.[3] The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Aram K. Berberian,* for plaintiff.

*Mortimer C. Newton,* for defendant.

---

[3]The plaintiff raised several other issues but failed to brief and argue them before this court. Under Rule 16 of the Supreme Court Rules, they are deemed to be waived.