**Pong Sun AMARAL**

v.

**Mary CABRAL.**

**No. 82–245–Appeal.**

Supreme Court of Rhode Island.

June 18, 1985.

John J. Lanni, Providence, Joseph R. De-Ciantis, Sarasota, Fla., for plaintiff.

John F. Finan, Pawtucket, Joan M. Montalbano, Montalbano & Montalbano, Ltd., North Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action for personal injuries sustained by Diadato Amaral as a result of a motor-vehicle accident. Diadato's wife, Pong Sun, the plaintiff herein, sued to recover for loss of consortium and compensation for expenses in caring for her spouse.

Prior to trial, defendant Mary Cabral moved to dismiss count 2 of the complaint dealing with Pong Sun's claim pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure for failure to state a claim upon which relief could be granted. After

a hearing, the trial justice granted defendant's motion to dismiss. He held that we do not recognize a claim for loss of consortium in this jurisdiction; and with respect to compensation for expenses, the trial justice found that Pong Sun's count of the complaint failed to state such a claim explicitly. The plaintiff appeals.[1]

The facts can be briefly stated. The plaintiff's husband was injured on November 10, 1978 when the vehicle he was driving collided with a vehicle owned and operated by defendant. Thereafter, the husband and wife instituted an action to recover damages resulting from the motor-vehicle accident.

Count 1 of the amended complaint alleges that plaintiff's husband, Diadato, suffered personal injuries and property damage. Count 2 alleges that plaintiff, Pong Sun,

"has suffered mental anguish by being forced to witness the suffering endured by her husband, whereby her own nerves and health have been seriously and permanently shocked, weakened and impaired, and by reason of the physical and mental condition of her husband, she still continues to suffer in mind and body, and has been denied the care, protection, consideration, companionship, aid and society of her husband.

WHEREFORE, Plaintiff, Pong Sun Amaral, demands judgment against the defendant for loss of consortium in the sum of One Hundred Thousand ($100,-000.00) Dollars interests [sic], costs."

The plaintiff presents two issues for the court to consider: (1) whether a wife can be compensated for loss of sentimental consortium[2] and (2) whether the complaint sufficiently stated a claim for loss of her expenses in caring for her husband.

**1.** The husband's claim was still pending at the time the appeal was filed, but a Super.R.Civ.P. 54(b) judgment was filed in the wife's case permitting severance of the two claims.

**2.** This court defined sentimental consortium in *Golden v. R.L. Greene Paper Co.*, 44 R.I. 231,

## I

The plaintiff contends that this court, in light of the overwhelming trend in other jurisdictions, should recognize a spouse's right to sue for sentimental consortium.

In this jurisdiction, we have long held that a husband has a claim for consortium that is limited to compensation for services and expenses. *Martin v. United Electric Railways Co.*, 71 R.I. 137, 42 A.2d 897 (1945); *Golden v. R.L. Greene Paper Co.*, 44 R.I. 231, 116 A. 579 (1922). In *Golden*, we held:

"With us the elements of a husband's damage resulting from his wife's injury due to the negligence of a defendant are restricted to compensation for the loss of his wife's services and to his expenses in caring for his wife and in attempting to cure or repair her injury." *Id.* at 235, 116 A. at 580.

The plaintiff contends that this court has recognized a wife's right to sue for damages for loss of conjugal society and consortium of her husband in the case of *Mariani v. Nanni*, 95 R.I. 153, 185 A.2d 119 (1962). However, this reliance is misplaced. In *Mariani*, a wife was seeking to recover for loss of her husband's consortium because her husband had become sterile and impotent as the result of an injury sustained by him while employed by the defendant therein. This court held that the wife could not recover because her claim was derivative of her husband's claim and he had no right of action against a master for the negligence of a fellow worker. Consequently, the court found it unnecessary to consider the consortium issue.

The plaintiff contends, however, that a spouse must have a right to claim damages for a loss of consortium that goes beyond "out-of-pocket expenses" and which recog-

232–33, 116 A. 579, 579 (1922), as "the aggregate of the elements of conjugal fellowship and assistance which arise to either spouse from the marriage relation. In either it involves the right to the companionship, solace and affection of the other."

nizes a plaintiff's loss when she has been denied the care, protection, consideration, companionship, aid, and society of her husband.

■ We have held that the creation of new causes of action are customarily left to the Legislature. *Kalian v. People Acting Through Community Effort Inc.*, 122 R.I. 429, 432, 408 A.2d 608, 609 (1979); *Castellucci v. Castellucci*, 96 R.I. 34, 38, 188 A.2d 467, 469 (1963); *Levasseur v. Knights of Columbus*, 96 R.I. 22, 24, 188 A.2d 469, 471 (1963).

■ During the pendency of this action, the Legislature enacted a statute that provides for the recovery of damages for the loss of society and companionship by either spouse.[3] The act, however, applies only to cause of actions which accrue after the effective date of passage (May 2, 1984). Consequently, this action does not fall within the purview of the statute. We have stated many times that statutes should be applied prospectively unless a contrary impression plainly appears. *City of Providence v. Solomon*, — R.I. —, —, 444 A.2d 870, 874 (1982); *State v. Healy*, 122 R.I. 602, 606, 410 A.2d 432, 434 (1980); *Narragansett Electric Co. v. Burke*, 122 R.I. 13, 24–25, 404 A.2d 821, 828 (1979). The Legislature clearly provided within the act that the statute should apply only to those causes of action accruing after May 2, 1984, thereby barring this plaintiff from taking advantage of its provisions.

We therefore affirm the trial justice's findings that plaintiff was not entitled to recover damages for the loss of sentimental consortium as a matter of law.

## II

The plaintiff argues that the trial justice, in dismissing her claim for expenses as not sufficiently stated in the complaint, was in error.

The gravamen of this issue is whether count 2 of the complaint is sufficiently explicit to overcome a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

■ In addressing this issue, we rely upon the principles enunciated in *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 12, 227 A.2d 582, 584 (1967):

"Consonant with the fair-notice concept, no complaint will be deemed insufficient unless it is clear beyond a reasonable doubt that the plaintiff will be unable to prove his right to relief * * * that is to say, unless it appears to a certainty that he will not be entitled to relief under any set of facts which might be proved in support of his claim. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 [79 S.Ct. 948, 3 L.Ed.2d 988 (1959)]; *Leimer v. State Mutual Life Assur. Co.*, 108 F.2d 302 [(8th Cir.1940)]; *Erk v. Glenn L. Martin Co.*, 116 F.2d 865 [(4th Cir. 1941)].

"In determining whether there is such a doubt or lack of certainty as will justify a termination of litigation of this stage of the pleadings * * * we construe the complaint 'in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true'. *Garcia v. Hilton Hotels International, Inc.*, 97 F.Supp. 5, 8 [(1951)]. See also *Schram v. Lucking*, 31 F.Supp. 749 [(1940)], and *Gray v. Schoonmaker*, 30 F.Supp. 1019 [(1940)]. In addition, vagueness, lack of detail, conclusionary statements, or failure to state facts or

---

**3.** General Laws 1956 (1969 Reenactment) § 9–1–41, as enacted by P.L.1984, ch. 64. Public Laws 1984, ch. 64 provides in pertinent part:
 "'Causes of Action'—is hereby amended by adding thereto the following section:
  9–1–41.—Loss of Consortium—Loss of Society and Companionship—(a) A married person who is entitled to recover damages for loss of consortium caused by negligent injury to his or her spouse.

  \* \* \* \* \* \*

  SECTION 3. This Act shall take effect upon passage and shall apply to all causes of action accruing after the effective date of passage."

ultimate facts, or facts sufficient to constitute a cause of action are no longer generally in and of themselves fatal defects."

Although plaintiff in the case at bar stated in her complaint that she sought to recover "for the loss of care, protection, consideration, companionship, aid and society of her husband," none of which were compensable when the action was brought, she also stated that she was seeking damages for "loss of consortium." We are of the opinion that the term "loss of consortium," at the time this action was brought, included within its meaning entitlement to compensation for expenses in caring for a spouse while attempting to cure or repair his or her injury. *See Golden v. R.L. Greene Paper Co.*, 44 R.I. at 235, 116 A. at 580.

We believe that even though the complaint is conclusory in nature when it speaks in terms of "loss of consortium," when construed in a light most favorable to the plaintiff, the claim is sufficient to give the defendant notice that there were facts, that if proved, would entitle the plaintiff to the expenses that she incurred in taking care of her husband. *See Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. at 11, 227 A.2d at 584.

Consequently, the plaintiff's appeal is denied in part and sustained in part; the judgment appealed from, insofar as it relates to the plaintiff's claim for expenses in taking care of her husband, is vacated. In all other respects the judgment is affirmed, and the case is remanded to the Superior Court for further proceedings.