**ATLANTIC HOME INSULATION, INC.,**

v.

**JAMES J. REILLY, INC.**

v.

**AETNA CASUALTY AND SURETY CO.**

No. 86–183–Appeal.

Supreme Court of Rhode Island.

Feb. 10, 1988.

James Bigos, Scott Partington, McKinnon & Harwood, Pawtucket, for plaintiff.

Robert Lovegreen, C. Russell Bengtson, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case is before us on appeal by the plaintiff from a judgment of the Superior Court entered following the granting of the defendant's motion for a directed verdict at the close of the plaintiff's evidence. The plaintiff contends that the trial justice erred in granting that motion. We affirm.

The record reveals that plaintiff, Atlantic Home Insulation, Inc. (Atlantic), is a Rhode Island corporation formed in 1978 for the purpose of furnishing insulation services to owners of residential properties. After approximately one year of growth, Atlantic sought to expand its business into the area of commercial-property insulation. In order to obtain commercial insulation contracts, Atlantic had to participate in customary bidding procedures. Participation in this activity often requires contractors to obtain bonding in order to secure their performance on contracts awarded to them.

On April 28, 1980, the Rockland, Massachusetts school system announced that it would be accepting bids for a contract to install insulation in five of its schools. Bids were to be submitted on June 2, 1980, along with a bid bond equal to 5 percent of the bid price. After considering the project, Atlantic estimated its bid to be approximately $96,000. Atlantic's president, Paul Sobolewski, contacted defendant, James J. Reilly, Inc. (Reilly Agency), in the middle of May regarding the obtaining of a bond for the Rockland project. The Reilly Agency on earlier occasions had assisted Atlantic in procuring performance bonds for $8,600 and $24,000 and a bid bond for 5 percent of a $44,000 bid. These bonds were all obtained from Aetna Casualty and Surety Co. (Aetna), the third-party defendant in this case.

Mr. Sobolewski spoke with Edward Ansty at the Reilly Agency regarding the Rockland project bonding, as he had done on previous occasions. Mr. Sobolewski testified at trial that during several telephone conversations with Mr. Ansty, he was assured that there would be "no problem" with procuring the bond. Mr. Sobolewski further testified that he became concerned after three or four days had elapsed as that was the usual period needed in the past to procure a bond. Mr. Sobolewski testified also that he told Mr. Ansty to notify him if a problem should arise so he would have enough time to arrange an alternative source of bonding.

At about 10 a.m. on June 2, 1980, the day the bids were due, Mr. Sobolewski called Mr. Ansty to determine the status of Atlantic's bond application. Mr. Ansty informed him that he had just been notified by Aetna that the bond application had been rejected. As a result, Atlantic did not submit a bid for the Rockland project.

Alleging that the Reilly Agency was negligent in procuring the bond and for not informing it of the rejection in time to arrange alternate bonding, Atlantic commenced this action to recover profits that it would have realized had Atlantic been awarded the job.

At the close of Atlantic's case, the trial justice granted the Reilly Agency's motion for a directed verdict on the ground that Atlantic had failed to come forth with suffi-

cient evidence to warrant submission of the case to the jury. The trial justice concluded that although a duty of reasonable care was owed to Atlantic by the Reilly Agency, there was insufficient evidence from which a jury could find that the duty was in fact breached. The trial justice also found that, even if one assumed arguendo that a breach could be proven, no evidence existed from which a jury could find proximate causation between the breach of the duty owed and Atlantic's damages. In light of these rulings, the trial justice, on motion for direction, also entered judgment for third-party-defendant Aetna.

Upon review of a trial justice's ruling regarding a motion for a directed verdict, we are bound by the same standards that govern the trial justice. We review the evidence presented in a light most favorable to the nonmoving party without consideration of the weight of the evidence or witness credibility. Only those reasonable inferences that support the nonmoving party's position will be drawn. If, after such an examination, issues exist upon which reasonable minds could differ, then the motion for a directed verdict should be denied and the issues in the case presented to the jury. *Gordon v. St. Joseph's Hospital*, 496 A.2d 132 (R.I. 1985); *Souza v. Narragansett Council, Boy Scouts of America*, 488 A.2d 713 (R.I. 1985). With this standard in mind, we have reviewed the case and conclude that the trial justice's ruling was proper.

It is axiomatic that in order to recover in a negligence action a plaintiff must establish a legally cognizable duty or obligation owed by the defendant, a breach of this duty or obligation, proximate causation between the conduct and the resulting injury, and an actual loss or damage. W. Keeton, *Prosser and Keeton on the Law of Torts* § 30 (5th ed. 1984). *See Banks v. Bowen's Landing Corp.*, 522 A.2d 1222 (R.I. 1987) (duty and breach thereof), and *Mullaney v. Goldman*, 121 R.I. 358, 398 A.2d 1133 (1979) (proximate cause and injury). The plaintiff must come forth with sufficient evidence of each of these elements to create a question of fact upon which reasonable minds may differ, and if the plaintiff

is unable to do so, a directed verdict is proper. *See Salk v. Alpine Ski Shop, Inc.*, 115 R.I. 309, 312, 342 A.2d 622, 625 (1975).

■ Throughout the transaction forming the basis of the instant litigation, the Reilly Agency was the agent of Atlantic and not of Aetna. It was clear to all parties involved that the decision regarding whether to provide the bond was to be made exclusively by Aetna and that the Reilly Agency acted only as an intermediary for the purpose of submitting the bond application to Aetna. *See daSilva v. Equitable Fire and Marine Insurance Co.*, 106 R.I. 729, 732, 263 A.2d 100, 102 (1970); *Pieri v. John Hancock Mutual Life Insurance Co.*, 92 R.I. 303, 306, 168 A.2d 277, 278 (1961). These cases clearly establish that one who is only empowered to solicit or accept insurance applications for another's consideration acts as the agent for the applicant only.

■ In light of this principle, the duty owed to Atlantic by the Reilly Agency was to exercise reasonable diligence in the transmittal of the application to Aetna— and in the communication to Atlantic of Aetna's decision in a timely fashion after receiving notification thereof. The record is devoid of evidence that would tend to show that the Reilly Agency was dilatory in forwarding the bonding request to Aetna. Moreover, the record reflects that when Mr. Sobolewski contacted the Reilly Agency on the morning of the day the Rockland project bids were due, Mr. Ansty informed him that "he was just notified by Aetna Insurance that they declined" to issue a bid bond to Atlantic. It is significant that the value of the bond sought by Atlantic for the Rockland project was admitted by Atlantic's president to be more than twice as large as any bid bond previously issued by Aetna to Atlantic. Foreseeably, the inquiry made by Aetna regarding whether to issue the Rockland project bond would be more involved and ostensibly take longer than any other such review of Atlantic's bonding capacity to date. In short, no one presented any evidence that would tend to demonstrate that the Reilly Agen-

cy's conduct in this instance was contrary to that which would have been expected of a reasonably prudent agent in similar circumstances.

There is no evidence that representatives of the Reilly Agency had any control over the time taken by Aetna to consider Atlantic's application. There is also no evidence that any representative of the Reilly Agency was aware that Aetna would deny the application and therefore should have warned Atlantic of such a contingency. This court has held in respect to a policy of life insurance that no duty existed on behalf of an insurer to make a prompt decision on such an application. *Levasseur v. Knights of Columbus*, 96 R.I. 22, 188 A.2d 469 (1963). Consequently, the risk of delay is placed upon the applicant rather than on the insurer. The applicant's agent, in the absence of evidence to the contrary, is not required to foresee a problem with an application, until facts are brought to his attention that would place a prudent person on notice that alternatives should be explored. It should be noted here that the time between Atlantic's inquiry to the Reilly Agency and the notice of rejection was approximately two weeks. One cannot determine that such a period, without more, constitutes evidence of undue delay or negligence on the part of the agent.

Since we agree with the trial justice that no evidence is present in the record tending to show a breach of the duty owed to Atlantic by the Reilly Agency, we need not address the merits of the other reasons relied upon by the trial justice in support of his decision.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.