**Donna REILLY, Peter Reilly, and Heather Reilly, p.p.a. Donna Reilly and Peter Reilly**

v.

**UNITED STATES of America.**

No. 87–468–M.P.

Supreme Court of Rhode Island.

March 7, 1988.

Mark S. Mandell, Susan Carlin, Lisa Dinerman, Providence, for plaintiff.

Everett Sammartino, U.S. Atty's Office, for defendant.

OPINION

PER CURIAM.

This civil action against the United States was instituted in the United States District Court for the District of Rhode Island. The trial judge found that a Navy obstetrician was negligent during the delivery and birth of the plaintiffs' daughter, Heather, and that as a result of the obstetrician's negligence, Heather was born profoundly brain damaged.

The trial judge, Senior Judge Raymond J. Pettine, acting pursuant to Rhode Island Supreme Court Rule 6, has sought the advice of the justices of this court concerning the compensation of negligently inflicted emotional distress unaccompanied by any physical symptomatology.

In essence Judge Pettine has asked the members of this court for their opinions about whether Donna Reilly and her husband, Peter, may obtain damages for psychic injuries they incurred when they were present and participated in the very "traumatic and negligent delivery" of their daughter as well as compensation for the constant stress they will experience "in caring for a child who has suffered a nearly total devastation of her mind and body" in the absence of any physical manifestations of such distress.

Recently, in *Curtis v. State Dept. for Children & Their Families*, 522 A.2d 203, 208 (R.I.1987), this court approved the direction of a verdict for the defendants in a situation in which the plaintiffs were seeking damages for mental distress because of the failure of the plaintiffs to present evidence of any "physical ills" that might have been suffered as a result of the defendants' conduct. Earlier, in *Champlin v. Washington Trust Co. of Westerly*, 478 A.2d 985, 989 (R.I.1984), it was emphasized that recovery for damages for the intentional or negligent infliction of emotional distress is conditioned upon a showing that there were physical manifestations of the distress. Both opinions base their conclusions on *Bedard v. Notre Dame Hospital*, 89 R.I. 195, 151 A.2d 690 (1959) and *Simone v. Rhode Island Co.*, 28 R.I. 186, 66 A. 202 (1907). Again a majority of the then members of this court, in *D'Ambra v. United States*, 114 R.I. 643, 657–58, 338 A.2d 524, 531 (1975), gave an affirmative response to an inquiry from the judges of the United States Court of Appeals for the First Circuit when asked if a mother who looked on from beyond the zone of danger while her child was fatally struck by a negligently operated postal truck could obtain damages for "mental and emotional harm." However, the inquiry as posed made it clear that the psychic injuries were "accompanied by physical symptoms."

Four members of this court participated in the consideration of the briefs and arguments presented in regard to Judge Pettine's request. Two of the justices are of the opinion that recovery may be had by the parents notwithstanding the absence of any physical manifestation of an injury. The other two justices, however, are of the opinion that damages for psychic injury are recoverable only when there has been proof of a physical manifestation of an injury. Justice Shea did not participate in the consideration of the inquiry posed by Judge Pettine.

■ The members of this court are extremely conscious of the significance of the issue presented to us by the United States District Court. Consequently we believe that Justice Shea's self-disqualification must yield to the common law Rule of Necessity, which holds that a judge has a duty to hear and decide a case if the case cannot otherwise be heard. This rule had its genesis over five and a half centuries ago when in 1430 it was decreed that the chancellor of Oxford would act as judge of a case in which he was a party when there was no provision for the appointment of another judge. Y.B.Hil. 8 Hen. VI, f. 19, pl. 6. This court has recognized and invoked the rule in *Poirier v. Martineau*, 86 R.I. 473, 136 A.2d 814 (1957), where it was emphasized that the rule of disqualification must give way to the demands of necessity in cases in which a disqualification would destroy the only tribunal in which relief could be provided. The United States Supreme Court has recognized the continued vitality of this principle in *United States v. Will*, 449 U.S. 200, 213–16, 101 S.Ct. 471, 480–81, 66 L.Ed.2d 392, 405–06 (1980).

Accordingly this case is assigned to the April 1988 calendar for reargument before all five members of this court.