**Linda FRITZ, individually and as next friend of Sarah Lynn Schneidereit, Plaintiffs,**

v.

**The MAY DEPARTMENT STORES COMPANY, d/b/a Payless Shoe Source, Defendant.**

**Civ. A. No. 93–0681B.**

United States District Court, D. Rhode Island.

Aug. 18, 1994.

Law Offices of Arlene Violet by Arlene Violet, Barrington, RI, for plaintiffs.

Michaelson & Michaelson by Jeffrey S. Michaelson, Providence, RI, for defendant.

## ORDER

FRANCIS J. BOYLE, Senior District Judge.

The Report and Recommendation of United States Magistrate Judge Lovegreen filed on July 28, 1994 in this action is accepted pursuant to Title 28 United States Code Section 636(b)(1), since no objection has been timely filed and the time for objecting has expired.

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

The matter presently before the Court for judicial review is defendant May Department Stores Company's motion for summary judgment pursuant to F.R.Civ.P. 56(c) on plaintiff Sarah Lynn Schneidereit's claims for negligent infliction of emotional distress and for the loss of parental society and companionship of her mother, plaintiff Linda Fritz. This court has subject matter jurisdiction over the present matter based on diversity jurisdiction. This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule of Court 32(c)(2). For the following reasons, I recommend the defendant's motion for summary judgment be granted as to Sarah Lynn's claim for negligent infliction of emotional distress and denied as to her claim for loss of society and companionship.

### Facts

On December 22, 1992, plaintiffs, Sarah Lynn Schneidereit, an unemancipated minor, and her mother, Linda Fritz, visited Payless Shoe Source at the Wampanoag Mall in East Providence, Rhode Island. Sarah Lynn, while browsing through the store, called to her mother at the front desk asking her to join her. Linda Fritz walked toward her daughter and allegedly tripped over a mirrored bench in the walkway, thereby suffering injuries to her knee.

During the next few months, Linda Fritz was confined to her apartment. She was unable to perform household duties as mother and homemaker, and Sarah Lynn had to assume many of these responsibilities and care for her mother. The mother and daughter were unable to go to special events, go for walks, and go shopping.

Plaintiffs and defendant agree that Sarah Lynn did not suffer any physical symptoms as a result of Linda Fritz's alleged slip and fall. She neither sought nor received medical treatment or counseling following the alleged slip and fall.

### Discussion

I. *Summary Judgment Standard*

■ Federal Rule of Civil Procedure 56(c) states that a party shall be entitled to a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When determining a motion for summary judgment, I must review the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *Mesnick v. General Elec. Co.,* 950 F.2d 816, 820 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992); *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c); *see Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *Lawrence v. Northrop Corp.,* 980 F.2d 66, 68 (1st Cir.1992).

■ Summary judgment is a procedure that involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir.1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)).

Once the moving party meets this burden, the onus falls upon the nonmoving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (citing F.R.Civ.P. 56(e)); *see Goldman*, 985 F.2d at 1116; *Lawrence*, 980 F.2d at 68; *Garside*, 895 F.2d at 48 ("[A] 'genuine issue' exists if there is 'sufficient evidence supporting this claimed factual dispute' to require a choice between 'the parties' differing versions of the 'truth at trial.'") (quoting *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976)). To oppose the motion successfully, the nonmoving party "may not rest upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Moreover, the evidence presented by the nonmoving party " 'cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.' " *Mesnick*, 950 F.2d at 822 (quoting *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989)). Indeed, "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). Thus, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." *Goldman*, 985 F.2d at 1116 (citing *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511).

## II. Negligent Infliction of Emotional Distress

Defendant seeks summary judgment on Sarah Lynn's claim for damages for negligent infliction of emotional distress. Under Rhode Island law, a prerequisite to recovery for negligent infliction of emotional distress is the manifestation of physical symptoms. *Reilly v. United States*, 547 A.2d 894 (R.I.1988). Sarah Lynn concedes that she suffered no physical symptoms as a result of the emotional distress and that summary judgment is appropriate as to her claim for negligent emotional distress. (Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J at 6.) Therefore, since the parties are in agreement as to this issue, I recommend that defendant's motion for summary judgment be granted as to plaintiff's claim for damages for negligent infliction of emotional distress.

## III. Loss of Society, Companionship and Services

Defendant also seeks summary judgment of Sarah Lynn's claim for damages for the loss of her mother's society and companionship. Rhode Island law provides that "[a]n unemancipated minor is entitled to recover damages for the loss of parental society and companionship caused by tortious injury to his or her parent." R.I.Gen.Laws § 9–1–41(b) (1992). The statute provides nothing further concerning what is necessary to state such a claim.

Defendant, citing *Reilly*, argues that Sarah Lynn must prove a physical manifestation in order to make her claim for loss of parental society and companionship. However, *Reilly* does not hold that physical manifestation is necessary for loss of consortium/loss of society claims. *Reilly* only addresses the requirement of physical symptomatology in a claim for negligent infliction of emotional distress, but does not decide whether this requirement is applicable to a claim for loss of consortium/loss of society and companionship.

Defendant also cites *Bedard v. Notre Dame Hospital*, 89 R.I. 195, 151 A.2d 690 (1959). *Bedard* addresses the issue of what is required for a claim of mental anguish as an element of damages. The Supreme Court of Rhode Island holds that mental anguish cannot be considered an element of damages unless the mental anguish is followed by physical manifestations. *Bedard* at 198–99, 151 A.2d at 692. The case does not address whether physical injury is a required element for a cause of action for loss of consortium.

An exhaustive search of Rhode Island law did not reveal any authority for the proposi-

tion that physical injury is necessary for loss of consortium/loss of society claims. The statute does not claim any such requirement. R.I.Gen.Laws § 9–1–41 requires only a that there be a loss of consortium or society and that it be caused by a tortious injury to a spouse, parent or child. The statute allows recovery for loss of affection, society, and companionship, reversing prior Rhode Island case law that only allowed spouses to recover for loss of services. *Amaral v. Cabral,* 494 A.2d 94, 96 (R.I.1985).

■ Rhode Island case law also suggests that loss of consortium/loss of society claims do not require physical injuries. Loss of consortium and loss of society claims under R.I.G.L. § 9–1–41 are derivative suits. *Amica Mut. Ins. Co. v. Jorge,* 632 A.2d 341, 342 (R.I.1993); *Sama v. Cardi Corp.,* 569 A.2d 432 (R.I.1990). The "loss of consortium claim is derived from *the bodily injury suffered by the spouse*." *Allstate Ins. Co. v. Pogorilich,* 605 A.2d 1318, 1320 (R.I.1992) (emphasis provided). In *Golden v. R.L. Greene Paper Co.,* 44 R.I. 231, 233–34, 116 A. 579 (1992), the Court stated that when a "wife has been injured by the negligent act of another, there has not been an intentional wrong committed against the husband. There cannot be said to be a direct injury to [him] other than the practical and material elements of his right of consortium.... the basis of his recovery is his loss of the services of the wife growing out of *her injury*." (emphasis provided).

While the Rhode Island case law only suggests that physical injuries are not required for loss of consortium/loss of society claims, a recent California case explicitly provides that a spouse claiming loss of consortium need not have physical injuries:

> The cause of action for loss of consortium does not arise out of a bodily injury to the spouse suffering the loss; it arises out of the bodily injury to the spouse who can no longer perform the spousal functions. It is the loss of conjugal fellowship, affection, society and companionship which gives rise to the cause of action. Although a sensitive person may actually suffer physical illness as a result of being deprived of that

conjugal affection, it is not that illness which gives rise to the claim.

*United Servs. Auto. Ass'n v. Warner,* 64 Cal.App.3d 957, 964–65, 135 Cal.Rptr. 34 (Ct. App.1976). This California case supports the inference drawn from the Rhode Island case law that a person claiming loss of consortium/loss of society is not required to demonstrate physical injuries.

■ Under R.I.G.L. § 9–1–41 loss of consortium and loss of society claims arise because an injured spouse, parent or child, due to a tortious injury, can no longer supply the affection, companionship and society natural to such a relationship. *Amaral v. Cabral, supra.* The case law clearly bolsters the proposition that there is no requirement that the spouse, child or parent suffering the loss must also have some physical injuries as a result thereof.

It appears that the defendant has misinterpreted Sarah Lynn's argument. Defendant characterizes plaintiff's action as a "theory of emotional anguish resulting from loss of consortium." Defendants Reply Memorandum at 5. Sarah Lynn is seeking damages for her loss of her mother's society and companionship; she is no longer seeking any damages for any emotional distress.

In seeking such damages, Sarah Lynn has alleged facts that allow her to claim a loss of society and companionship. For several months her mother was confined to her apartment. During that time, she was unable to perform household duties as mother and homemaker, and Sarah Lynn had to assume many of these responsibilities and care for her mother. The mother and daughter were unable to go to special events, go for walks, and go shopping. No physical illness is necessary before recovery may be had on this cause of action. Therefore, I recommend that defendant's motion for summary judgment be denied as to Sarah Lynn's claim for damages for loss of the society and companionship of her mother.

### Conclusion

For the reasons stated above, I recommend that defendant's motion for summary judgment be granted as to the claim for

negligent infliction of emotional distress and denied as to the claim for loss of parental society and companionship. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.[1] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[2]

July 28, 1994.

---

**1.** Rule 32, Local Rules of Court; F.R.Civ.P. 72(b).

**2.** *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).